1

# COPY

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - - - - - - - - - - -

4   UNITED STATES OF AMERICA,

5

6       -versus-                              97-CR-38

7                                             (PLEA)

8   STANISLAW PSZENCZNY,

9                   Defendant.

10  - - - - - - - - - - - - - - - - - - - - - - - -

11

12

13

14           TRANSCRIPT OF PROCEEDINGS held in and for the

15  United States District Court, Northern District of New York,

16  at the James T. Foley United States Courthouse, 445 Broadway,

17  Albany, New York 12207, on FRIDAY, MARCH 21, 1997, before

18  the HON. LAWRENCE E. KAHN, United States District Court Judge.

19

20

21

22

23

24

25

1

2    APPEARANCES:

3

4

5    FOR THE GOVERNMENT:

6    HON. THOMAS MARONEY, United States Attorney - NDNY

7    BY:   JOSHUA W. NESBITT, Assistant U.S. Attorney

8

9

10

11   FOR THE DEFENDANT:

12   MARK BROYDES, ESQ.

13

14   ALSO PRESENT:   THERESA BUNK, Polish Interpreter

15

16

17

18

19

20

21

22

23

24

25

USA v. Pszeniczny - 97-CR-38                                    3

1                    (Court convened at 1:11 PM.)

2                    THE CLERK:  March 21, 1997.  1:12.  United

3    States of America versus Stanislaw Pszeniczny, 97-CR-38.

4                    Would counsel approach and give their

5    appearances for the record?

6                    MR. NESBITT:  Joshua Nesbitt for the

7    Government.

8                    MR. BROYDES:  Mark Broydes for the defendant.

9                    THE COURT:  Mr. Broydes.  Now, as I

10   understand it, we need an interpreter, too.  And that is

11   Mrs. --

12                   THE INTERPRETER:  Theresa Bunk.

13                   THE COURT:  Do you have to swear the

14   interpreter?

15                   THE CLERK:  Yes.  Please step forward

16   everybody.

17                   (Interpreter duly sworn.)

18                   THE COURT:  Welcome.  As I understand it, the

19   defendant is Polish and speaks Polish, and his attorney,

20   Mark Broydes --

21                   MR. BROYDES:  Yes.

22                   THE COURT:  -- actually, you speak also

23   Polish?

24                   MR. BROYDES:  I speak also Polish.

25                   THE COURT:  So, not for confusion, I am sure

USA v. Pszeniczny - 97-CR-38

1  you will speak to him in Polish, which is good, and the

2  interpreter, if she would please instruct or please

3  interpret and translate verbatim, so there's no confusion

4  between the lawyer -- and if I go too fast --

5            THE INTERPRETER:  That's fine.

6            THE COURT:  -- you let me know.

7            THE INTERPRETER:  Thank you.

8            THE COURT:  You can just do as I do.  But if

9  you feel you need more time, let me know.

10           THE INTERPRETER:  Thank you.

11           THE COURT:  And as I understand it,

12  Mr. Broydes, at this time, your client wishes to waive his

13  right to indictment by a grand jury and enter a plea to one

14  count of the information prepared by the U.S. Attorney's

15  office?

16           MR. NESBITT:  The defendant has been

17  indicted.  This is a copy of the indictment, too.

18           THE COURT:  I am sorry.  I thought it was a

19  waiver.  That's fine.

20           All right, so he has already been indicted,

21  fine.

22           Okay.  Do you want to have the defendant

23  sworn, please?

24           THE CLERK:  Yes.

25           (Defendant duly sworn.)

USA v. Pszeniczny - 97-CR-38                                        5

1              THE COURT:  Okay, Mr. Pszeniczny, did I say
2    that right?  Okay.  I'm gonna ask you some questions.  And
3    most importantly, I want to make sure that you understand
4    what's happening here this afternoon and that you understand
5    your rights and the charges and the consequences of what you
6    do here this morning -- or this afternoon.

7              Again, would you state your full name for the
8    record?

9              THE DEFENDANT:  Stanislaw Pszeniczny.

10             THE COURT:  Fine.  How old are you now?

11             THE DEFENDANT:  Fifty-three.

12             THE COURT:  Your date of birth?

13             THE DEFENDANT:  June 26, 1953.

14             THE COURT:  Okay.  Could you just provide us
15   what educational background you have, if any?  What
16   schooling you went to?

17             THE DEFENDANT:  High school education.

18             THE COURT:  Okay.

19             THE DEFENDANT:  Beyond that, nothing.

20             THE COURT:  Fine.  And what kind of
21   employment experience have you had since you got out of
22   school?  Over the years, what type of work did you do?

23             THE DEFENDANT:  Iron work.  Metal worker.

24             THE COURT:  Okay.  Fine.  Are you married?

25             THE DEFENDANT:  Yes.

1    THE COURT:  Any children?

2    THE DEFENDANT:  Three.

3    THE COURT:  Three?

4    THE DEFENDANT:  Three.

5    THE COURT:  How old are they?

6    THE DEFENDANT:  The oldest daughter is 21;

7  19, 13.  Three daughters.

8    THE COURT:  All right.  Okay.  Have you had

9  any alcohol or narcotics within the past 48 hours?

10    THE DEFENDANT:  No.

11    THE COURT:  Are you currently or have you

12  recently been under the care of a physician or psychiatrist

13  for a physical or mental condition?

14    THE DEFENDANT:  No.

15    THE INTERPRETER:  He had an injury to his leg

16  this past Tuesday.  He stepped on a nail.

17    THE COURT:  And have you received any pills

18  or any medicine to treat that?

19    THE INTERPRETER:  He had received an

20  injection for it from a doctor.

21    THE COURT:  That was what, on Tuesday?

22    THE DEFENDANT:  Yes.

23    THE COURT:  Okay.  Today's Friday.  Is that

24  in any way affecting your mental thinking capacity or --

25    THE DEFENDANT:  No.

1              THE COURT:  Okay.  As you can see, the main

2     thing I ask, is there anything you're taking or doing which

3     in any way affects your ability to understand the charges

4     and the consequences of what you're doing here this

5     afternoon?

6              THE DEFENDANT:  No.

7              THE COURT:  Fine.  And you're being

8     represented by Mr. Mark Broydes, is that right?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And he was hired by you to

11    represent you?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Has he gone over the indictment

14    with you and have you been furnished with a copy of the

15    charges against you?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Have you had a chance to read the

18    charges?

19             THE DEFENDANT:  Yes.

20             THE COURT:  And has Mr. Broydes explained the

21    charges to you?

22             THE DEFENDANT:  Yes.

23             THE COURT:  And, of course, he speaks Polish,

24    so, obviously, he communicated in your own language; right?

25             THE DEFENDANT:  Yes.

1          THE COURT:  And do you understand the

2    charges?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Okay.  Now, as I understand it,

5    you wish to enter a guilty plea at this time to the

6    one-count indictment?

7          THE DEFENDANT:  Yes.

8          THE COURT:  I'm also gonna be asking you if

9    you're pleading guilty freely and voluntarily, with an

10   understanding of the charges and the consequences of

11   pleading guilty.  I am going to be asking you if anybody has

12   made any promises of leniency to you except what's in the

13   plea agreement in exchange for your plea of guilty.

14         THE DEFENDANT:  No.

15         THE COURT:  I am going to be asking you if

16   anyone has threatened you with a use of force to induce you

17   to plead guilty.  And also, I am gonna be asking you about

18   your conduct in this case so I can establish that there is a

19   factual basis for accepting and entering the plea.

20         And I want to advise you at this time that if

21   the answers you give to me to the questions I ask you are

22   not truthful, it may later be used against you in a

23   prosecution for perjury or making a false statement.  And I

24   just want to know if you understand all this?

25         THE INTERPRETER:  Yes, he understands.

1      THE COURT:  Fine.  Before I ask you those

2  particular questions and before the clerk takes your plea, I

3  have to advise you of certain rights that you have in

4  connection with this matter.

5      First of all, you have a right to enter a

6  plea of not guilty to the charges in the indictment and

7  persist in that plea.

8      You have a right to a speedy and a public

9  trial by an impartial jury of 12 persons or to a trial by

10  the Court alone if you waived a jury trial.

11      Upon such a trial, you would be presumed to

12  be innocent under the law and the burden would be upon the

13  Government to prove your guilt to the satisfaction of all

14  12 jurors beyond a reasonable doubt or to the satisfaction

15  of the Court if you waived a jury trial.

16      At such a trial, you would have the right to

17  the assistance of an attorney; you would have the right to

18  confront, that is, to see and hear any witnesses sworn

19  against you and to cross-examine them.

20      THE INTERPRETER:  What was the last, sir?

21      THE COURT:  You would have the right to

22  confront and see and hear any witnesses sworn against you

23  and to cross-examine them.

24      You would have the right to remain silent or

25  to testify in your own behalf, but you couldn't be compelled

1   to incriminate yourself or to testify at all and your

2   silence could not be held against you in any way, nor could

3   any inferences of guilt be drawn against you if you decided

4   not to testify.

5                    You would have the right to use the subpoena

6   or other processes of the Court to compel witnesses to

7   attend the trial and to testify and to obtain any

8   documentary or other evidence you might wish to offer in

9   your own defense.

10                   Now, if the Court accepts your plea of guilty

11  here this afternoon, you're gonna waive or give up all those

12  rights, there won't be a trial of any kind, and the Court

13  will have the same power to sentence you as if you had been

14  found guilty after a trial on the count in the indictment to

15  which you're pleading.

16                   Have you talked to Mr. Broydes about pleading

17  guilty?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  And he explained the charges to

20  you, is that right?

21                   THE DEFENDANT:  Yes.

22                   THE COURT:  And you talked to Mr. Broydes

23  about the consequences of pleading guilty?

24                   THE DEFENDANT:  Yes.

25                   THE COURT:  And do you understand those

USA v. Pszeniczny - 97-CR-38                                    11

1   consequences?

2             THE DEFENDANT:  Yes.

3             THE COURT:  Did you discuss with Mr. Broydes

4   your chances of success or failure should you go to trial,

5   the trial strategy you might use and any defenses you might

6   put forward?

7             THE DEFENDANT:  Yes.

8             THE COURT:  I'd also advise you that your

9   plea of guilty constitutes a waiver of your right against

10  self-incrimination, and I want to warn you not to plead

11  guilty unless you are, in fact, guilty of the charges made

12  against you in the indictment.

13            THE DEFENDANT:  Yes.

14            THE COURT:  And do you still wish to plead

15  guilty?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Okay.  Madam Clerk, would you

18  read the charges?

19            THE CLERK:  In the matter of the United

20  States of America versus Stanislaw Pszeniczny, Count I of

21  the indictment charges that from on or about January 16,

22  1997, in Franklin County, State and Northern District of

23  New York, the defendant, Stanislaw Pszeniczny, did knowingly

24  and in reckless disregard of the fact that an alien had come

25  to, entered or remained in the United States, in violation

USA v. Pszeniczny - 97-CR-38                                            12

1    of law, transported or moved, or attempted to transport or

2    move such alien.  In violation of Title 8, United States

3    Code, Section 1324(a)(1)(A)(ii).

4                   How do you plead to Count I of the

5    indictment?

6                   THE DEFENDANT:  Guilty.

7                   THE CLERK:  Thank you.

8                   THE COURT:  Now, Mr. Broydes advised you of

9    your rights in this matter, is that right?

10                  THE DEFENDANT:  Yes.

11                  THE COURT:  Is there anything you want to ask

12   me about your rights at this time?

13                  THE DEFENDANT:  No.

14                  THE COURT:  Are you satisfied with what

15   Mr. Broydes has done for you so far?

16                  THE DEFENDANT:  Yes.

17                  THE COURT:  Has Mr. Broydes or the

18   U.S. Attorney or any public official or anyone made any

19   promises to you that you would be treated leniently in

20   exchange for your plea of guilty, except what's in the plea

21   agreement?

22                  THE DEFENDANT:  No.

23                  THE COURT:  Has anybody threatened you with a

24   use of force to make you plead guilty?

25                  THE DEFENDANT:  No.

USA v. Pszeniczny - 97-CR-38                                    13

1              THE COURT:  Are you currently on probation

2      from any other court or paroled from any institution?

3              THE DEFENDANT:  No.

4              THE COURT:  Mr. Nesbitt, does the Government

5      have sufficient evidence to prove the defendant guilty

6      beyond a reasonable doubt of the matters charged in the

7      indictment?

8              MR. NESBITT:  Yes, your Honor.  On -- the

9      Government would prove, should the case go to trial, that on

10     January 16th of 1997, in the State and Northern District of

11     New York, Mr. --

12             MR. BROYDES:  Pszeniczny.

13             MR. NESBITT:  -- the defendant, the

14     defendant and Jaroslaw Lutczyk transported in a van driven

15     by Mr. Pszeniczny two individuals, Anna Kanior, a citizen of

16     South Africa, and Jaroslaw Tyszka, a citizen of Poland, both

17     of whom the defendant knew, had entered and remained in the

18     United States in violation of law.

19             THE COURT:  Mr. Pszeniczny, did you just hear

20     what Mr. Nesbitt said about your conduct in this case?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And is that what you did?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Mr. Broydes, is that your

25     understanding?

USA v. Pszeniczny - 97-CR-38

1    MR. BROYDES:  Yes, your Honor.

2    THE COURT:  Okay.  Mr. Nesbitt, could you

3    inform the defendant and the Court what the penalties are

4    and the statutory -- potential penalties and the Sentencing

5    Guidelines?

6    MR. NESBITT:  Yes.

7    THE COURT:  Thank you.

8    MR. NESBITT:  Under the statute, your Honor,

9    a plea of guilty to Count I subjects the defendant to a term

10   of imprisonment of not more than five years; a fine of not

11   more than $250,000; or both a fine and a term of

12   imprisonment; a term of supervised release of at least four

13   years; and a mandatory special assessment of $100.

14            The initial guidelines calculation indicates

15   a base offense level of 9, with two levels off for

16   acceptance of responsibility, and, assuming criminal history

17   category I, would be a level 7, and the guideline range of

18   zero to six months.

19   THE COURT:  You heard that expressed?

20   THE DEFENDANT:  Yes.

21   (Discussion held between counsel.)

22   MR. NESBITT:  Your Honor, counsel would like

23   to have the interpreter indicate that --

24   THE COURT:  Sure.

25   MR. NESBITT:  -- that she has, in fact, read

USA v. Pszeniczny - 97-CR-38

1   the plea agreement in Polish and translated it for the

2   defendant.

3           THE COURT:  Do you want to ask the defendant

4   if you've read to him the plea agreement and translated it

5   for him?

6           THE INTERPRETER:  Yes.

7           MR. BROYDES:  Your Honor, this is the

8   question to the interpreter, not to my client.

9           THE COURT:  Exactly -- oh, I see what you're

10  saying.

11          THE INTERPRETER:  Yes.

12          THE COURT:  I am asking the interpreter, I'm

13  sorry.  Did you read to the defendant the plea agreement in

14  Polish and translate it for him verbatim?

15          THE INTERPRETER:  Yes, I did.

16          MR. BROYDES:  Thank you.

17          THE COURT:  Fine.  Thank you.

18          MR. NESBITT:  Thank you.

19          THE COURT:  And then you can ask the

20  defendant is that so?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Fine.  All right.

23  Mr. Pszeniczny, I don't know if I got that right, but the

24  Court must inform you that under and pursuant to certain

25  Sentencing Guidelines adopted by the United States that my

16

USA v. Pszeniczny - 97-CR-38

1   discretion in sentencing you is limited and I must follow

2   the law as it's written, except sometimes the Court can

3   depart from those guidelines.

4                    Do you understand that?

5            THE INTERPRETER:  Yes, he does.

6            THE COURT:  Have you and your attorney

7   discussed how the Sentencing Guidelines might apply to your

8   case?

9            THE DEFENDANT:  Yes.

10           THE COURT:  And do you understand that the

11  Court will not be able to determine the guideline's sentence

12  for your case until after the presentence report has been

13  completed and you and the Government have had an opportunity

14  to challenge the facts reported by the Probation Officer?

15           THE INTERPRETER:  Excuse me, would you repeat

16  that?

17           THE COURT:  And that you and the Government

18  will have an opportunity to challenge the facts reported by

19  the Probation Officer?

20                    And do you also understand that after it's

21  been determined what guidelines applies to any case, the

22  Judge has the authority, in some circumstances, to impose a

23  sentence that is more severe or less severe than the

24  sentence called for by the guidelines?  Yes?

25           THE DEFENDANT:  Yes.

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

SP_000322

17

USA v. Pszeniczny - 97-CR-38

1    THE COURT:  Okay.  Do you also understand

2    that under some circumstances, you or the Government may

3    have the right to appeal any sentence I impose?

4    THE DEFENDANT:  Yes.

5    THE COURT:  And do you also understand that

6    if I decline to follow the recommendations of your attorney,

7    or the U.S. Attorney, you will not be permitted to withdraw

8    your plea of guilty?

9    THE DEFENDANT:  Yes.

10   THE COURT:  Do you also understand that

11   parole has been abolished and that if you are sentenced to

12   prison, you will not be released on parole?

13   THE DEFENDANT:  Yes.

14   THE COURT:  Has anyone made any promises or

15   predictions to what sentence I shall impose upon you?

16   THE DEFENDANT:  No.

17   THE COURT:  Mr. Pszeniczny, do you still wish

18   to plead guilty?

19   THE DEFENDANT:  Yes.

20   THE COURT:  Did you sign the plea agreement

21   freely and voluntarily?

22   THE DEFENDANT:  Yes.

23   THE COURT:  Mr. Broydes, did you, on behalf

24   of your client, sign the plea agreement freely and

25   voluntarily?

USA v. Pszeniczny - 97-CR-38                                    18

1          MR. BROYDES:  Yes, your Honor.

2          THE COURT:  And Mr. Nesbitt, likewise on

3  behalf of the Government, did you sign the plea agreement

4  freely and voluntarily?

5          MR. NESBITT:  Yes, your Honor.

6          THE COURT:  Okay.  Again, I have got to

7  advise the defendant that the Court is not bound by any

8  sentencing recommendation made in the plea agreement and you

9  will have no right to withdraw your plea of guilty if I

10  decide not to accept any nonbinding recommendation.

11          The Court will, of course, defer its decision

12  to accept or reject any nonbinding recommendation until I've

13  seen the presentence investigation report and any other

14  materials submitted to me that might bear on sentencing,

15  from the U.S. Government, from you, from your attorney,

16  Mr. Broydes, or from anyone on your behalf.

17          So, you understand what the Court just said

18  about its ability to reject any nonbinding recommendation?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Am I correct, likewise, in the

21  plea agreement, the defendant waives certain rights to

22  appeal?  Is that right, in the plea agreement?

23          MR. NESBITT:  Not contained in the plea

24  agreement, your Honor.

25          THE COURT:  Okay.  Fine.  You can leave that

1   out.

2           Now, Mr. Pszeniczny, now that you have heard

3   about the potential penalties and the guidelines, do you

4   still wish to plead guilty?

5           THE DEFENDANT:  Yes.

6           THE COURT:  And Mr. Broydes, would you just

7   state for the record your general background and experience

8   in handling these kinds of matters?

9           MR. BROYDES:  Your Honor, I have been

10  basically doing a great deal of the Immigration Law and this

11  is -- for me, this is quite frankly an immigration case and

12  my concern is that what it can happen in case of the

13  deportation before the Immigration and Naturalization

14  Service.  And I have been practicing that part of law for

15  the last maybe 20 years.

16          THE COURT:  Okay.  Fine.  Very good.  About

17  how much time have you spent so far in the defense of this

18  case, approximately?

19          MR. BROYDES:  In the defense of this case?  I

20  think this is the third time that we are here, and I have

21  also done perhaps another 40 hours in my office.

22          THE COURT:  Sure.  Have you had what you

23  consider to be adequate discovery of the case of the

24  Government?

25          MR. BROYDES:  Yes, sir.

USA v. Pszeniczny - 97-CR-38                                    20

1          THE COURT:  And have you advised the

2   defendant of his rights, the nature of the charges and the

3   consequences of pleading guilty?

4          MR. BROYDES:  Yes, sir.

5          THE COURT:  Have you made any promises or

6   threats to him to make him plead guilty, except what's in

7   the plea agreement?

8          MR. BROYDES:  No.

9          THE COURT:  You made no threats to him, is

10  that right?  Should I --

11         MR. BROYDES:  Could your Honor repeat?

12         THE COURT:  Sure.  Have you made any promises

13  or threats to the defendant to make him plead guilty, except

14  what's in the plea agreement?

15         MR. BROYDES:  No, your Honor.

16         THE COURT:  Okay.  Do you state to the Court,

17  as far as you're concerned, he's pleading guilty freely and

18  voluntarily, with a full understanding of the charges and

19  the consequences?

20         MR. BROYDES:  Yes, sir.

21         THE COURT:  And, of course, you speak Polish

22  fluently and you have discussed this case continuously with

23  him in Polish?

24         MR. BROYDES:  Yes, sir.

25         THE COURT:  Do you know of any defenses that

USA v. Psze___czny - 97-CR-38                                         21

1    he might have that might stand up if the case went to trial?

2    That's a tough thing to ask a defense attorney.

3                    MR. BROYDES:  Could your Honor withdraw the

4    question?

5                    THE COURT:  Well, we do have to ask to make

6    sure that if you think, you know, he should go to trial, he

7    could win the case, or he has a good chance of winning, you

8    would have an obligation to do that.  When I ask do you know

9    of any defenses that he has that might stand up if the case

10   went to trial, you have to answer however you feel the

11   answer should be.

12                   MR. BROYDES:  Your Honor, I believe it's in

13   my client's interest, based on what I know about his rights,

14   facts of the case, et cetera.

15                   THE COURT:  Okay.  Do you know any reason why

16   he should not plead guilty?

17                   MR. BROYDES:  No, your Honor.

18                   THE COURT:  Based on the foregoing, the Court

19   will find that the defendant pled guilty freely and

20   voluntarily, that he is and was competent to enter such a

21   plea, that he understands the charges against him and the

22   consequences of pleading guilty, that there is and was a

23   basis in fact for the Court accepting and entering the plea.

24                   The Court directs the Department of Probation

25   to prepare a presentence investigation report.


                    THERESA J. CASAL, RPR, CRR
               UNITED STATES COURT REPORTER - NDNY        SP_000327

USA v. Pszeniczny - 97-CR-38                                        22

1              The Court will set sentencing for June --

2     what date?

3              THE CLERK:  June 17, 1997, at 9:30 AM, in

4     Albany, New York.

5              MR. BROYDES:  I ask, your Honor, for that to

6     take place in the afternoon --

7              THE COURT:  Sure.

8              MR. BROYDES:  -- coming from New York City.

9              THE COURT:  We can do it at 1:30.

10             THE CLERK:  1:30.

11             THE COURT:  Is there any recommendation

12    regarding bail from the Government?  Or what's the status?

13             MR. NESBITT:  Your Honor, the defendant has

14    made $2,500 bail, and we have no objection to that

15    continuing until the time of sentencing.

16             MR. BROYDES:  I wish to add, your Honor, that

17    your Honor asked him before what was his employment

18    background, and he answered as to what he was doing in his

19    native Poland.

20             At the present time, he works as an asbestos

21    handler, he is removing asbestos, and he continues

22    employment.

23             THE COURT:  That's in New York City?  Well,

24    it doesn't matter.

25             MR. BROYDES:  In the area, yeah.

Case 1:18-cr-00433-LDH-RLM  Document 20-3  Filed 03/26/19  Page 23 of 23 PageID #: 83

1              <u>CERTIFICATION</u>:

2

3

4          I, THERESA J. CASAL, RPR, CRR, Official Court

5  Reporter in and for the United States District Court, Northern

6  District of New York, do hereby certify that I attended at

7  the time and place set forth in the heading hereof; that I

8  did make a stenographic record of the proceedings held in

9  this matter and cause the same to be transcribed; that the

10  foregoing is a true and correct transcript of the same and

11  the whole thereof.

12

13

14

15

16              THERESA J. CASAL, RPR, CRR

17              Official Court Reporter

18

19

20

21  DATE:  11/16/04

22

23

24

25