**COPY**

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF NEW YORK

3  - - - - - - - - - - - - - - - - - - - - - - - - - -

4  UNITED STATES OF AMERICA,

5

6       -versus-                          97-CR-38

7                                         (SENTENCING)

8  STANISLAW PSZENCZNY,

9            Defendant.

10 - - - - - - - - - - - - - - - - - - - - - - - - - -

14       TRANSCRIPT OF PROCEEDINGS held in and for the
15 United States District Court, Northern District of New York,
16 at the James T. Foley United States Courthouse, 445 Broadway,
17 Albany, New York 12207, on **TUESDAY, JUNE 24, 1997**, before
18 the **HON. LAWRENCE E. KAHN**, United States District Court Judge.

```
 1
 2  APPEARANCES:
 3
 4
 5  FOR THE GOVERNMENT:
 6  HON. THOMAS MARONEY, United States Attorney - NDNY
 7  BY:  PAUL D. SILVER, Assistant U.S. Attorney
 8
 9
10
11  FOR THE DEFENDANT:
12  MARK BROYDES, ESQ.
13
14  ALSO PRESENT:   THERESA BUNK, Polish Interpreter
15                  CHARLES SCOTT, Senior U.S. Probation Officer
16                  CHRISTINE CONNOLLY, U.S. Probation Officer
17
18
19
20
21
22
23
24
25
```

USA v. Ps\_\_nczny - 97-CR-38                                                3

```
 1                    (Court commenced at 1:58 PM.)
 2             THE CLERK:  Two o'clock.  United States of
 3   America versus Stanislaw Pszenczny, 97-CR-38.  Would counsel
 4   please state your appearances for the record?
 5             MR. SILVER:  Good afternoon, your Honor.
 6   Paul Silver.
 7             THE COURT:  Mr. Silver, how are you?
 8             MR. BROYDES:  Mark Broydes, 1501 Broadway,
 9   New York.
10             THE COURT:  Mr. Broydes.  And as I understand
11   it, we have an interpreter.
12             THE INTERPRETER:  Yes.
13             THE COURT:  Theresa Bunk.
14             THE INTERPRETER:  Yes.
15             THE COURT:  Has she been sworn in?
16             THE CLERK:  I can do that.  Would you please
17   step forward?
18             (Interpreter duly sworn.)
19             THE COURT:  Mr. Broydes --
20             MR. BROYDES:  Yes.
21             THE COURT:  -- you have received and examined
22   the presentence investigation report?
23             MR. BROYDES:  Yes, your Honor.
24             THE COURT:  And have you had an opportunity
25   to discuss it with your client, Mr. Pszenczny?  Have you had
```

USA v. Plenczny - 97-CR-38                                              4

1   an opportunity to discuss it with him?
2               MR. BROYDES: Excuse me?
3               THE COURT: Did you have an opportunity to
4   discuss the presentence report with him?
5               MR. BROYDES: Yes, your Honor.
6               THE COURT: Okay. And has the defendant --
7   have you had a chance to read the presentence report in this
8   case?
9               MR. BROYDES: Your Honor, he has not read
10  this. I spoke with him and --
11              THE COURT: Did you read it to him and
12  translate it to him, explain it to him?
13              MR. BROYDES: I explained to him the basic
14  points.
15              THE COURT: Okay. And Mr. Silver, you had an
16  opportunity to look over the presentence investigation
17  report, your office?
18              MR. SILVER: I understand that Mr. Nesbitt
19  has, your Honor.
20              THE COURT: Okay. Fine. Is there anything
21  you want to tell me about the presentence report before we
22  go forward? Is it accurate?
23              MR. BROYDES: Yeah, your Honor. I didn't
24  find any errors or problems or I don't have any disagreement
25  with the report. I thought that it was fair and I sort of

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNSP_000333

1  welcomed it.
2              THE COURT: Fine. And Mr. Pszenczny, did you
3  have any -- is there anything you wish to tell me about the
4  report itself?
5              THE DEFENDANT: No.
6              THE COURT: It's accurate?
7              THE INTERPRETER: He has nothing to say.
8              THE COURT: Fine. Is there anything you wish
9  to say about the report, Mr. Silver?
10             MR. SILVER: No, your Honor.
11             THE COURT: Fine. The Court will adopt the
12 contents of the report by a preponderance of the evidence.
13             MR. BROYDES: I wish to state a few words,
14 but --
15             THE COURT: I am going to ask you. I know
16 that. I just want to get the report adopted by the Court.
17             Now, Mr. Broydes, did you wish to say
18 anything on behalf of the defendant before I pass sentence
19 on him?
20             MR. BROYDES: Yeah, your Honor. I wish to
21 state that my client came here from New York City today with
22 his three daughters, who are sitting over there, and with
23 his brother. And his wife, I think, is employed today so
24 she cannot come.
25             I spoke with my client, we had this question

how much we should even say to the family about this problem, how much should they be worried about this whole situation. So, we were little bit reluctant, but we thought they should come, they should support him --

THE COURT: Certainly.

MR. BROYDES: -- and they are here.

I wish to state that my client has no criminal record, as the report says. He is a native of Poland, he had no criminal record in Poland. Up to this, today, no criminal record in United States.

The crime committed was not for money; it was really a matter, I think, of foolishness. I think that what happens, and I speak myself with an accent, is that when people come to a foreign country, sometimes they simply don't know the rules of -- and what's important, what is considered not important, and of course, you know, the statute, but you don't know to what extent really the statute is taken seriously by the Government. So, I think that's maybe what happened in this case.

As far as the -- his financial situation, he is basically -- he has to support his family, he has three children; his oldest daughter is after first year of college, two younger children are still in school. And if he goes to jail, it would just be very serious, would have a very serious impact on the family.

1    The Probation report says that there is no
2    requirement under the guidelines for any jail sentence.  I
3    wish to say that the thing that is -- that I consider to be
4    very important is that there is at present going to be a
5    deportation case against my client.  The papers have been
6    issued.  There is no date yet for a hearing, but
7    potentially, they could basically take his permanent
8    residency in the United States and he could be ordered to
9    leave the United States, and at the same time, he has his
10   wife and three children in the United States, and he would
11   have a separation of the members of the family.  I think
12   that's, with all due respect to this Court, this is the
13   greatest possible punishment that could be visited on him.
14   And he has to live with that possibility.
15               I think, your Honor, that there is no need
16   for a supervised -- any supervision of his case and there is
17   no need for probation.  If you do that, it imposes financial
18   costs on the Government, which are above $200 a month,
19   according to the report, and which either the Government is
20   going to pay or my client will have to pay.  And he is a
21   very marginal position.  So, I would hope that if it's
22   possible in this case that there would be some fine of,
23   let's say, $500.
24               There is forfeiture proceedings, because the
25   car which he was driving, which is worth about $3,000, is in

USA v. Pszenczny - 97-CR-38

8

```
 1   forfeiture proceedings and this case will be before this
 2   Court. I don't know if it will be before this judge, but
 3   before this Court, and he could lose that car that's worth
 4   about $3,000, which is likely.
 5                  So, therefore, I am asking for a fine of
 6   $500.
 7                  THE COURT: Okay. Mr. Silver, is there
 8   anything you wish to say regarding the sentencing? Any
 9   recommendation?
10                  MR. SILVER: No, your Honor.
11                  THE COURT: Okay. Mr. Pszenczny, is there
12   anything you wish to say to the Court before I pass sentence
13   upon you?
14                  THE INTERPRETER: First of all, he would like
15   to apologize for creating such problems for the Government,
16   for the Court and also for himself. He is very sorry, he
17   has never had -- been in any trouble either in Poland or
18   here. That would be his first and last time that he would
19   do something like that. And he promises it would never
20   happen again.
21                  THE DEFENDANT: Once again, I apologize
22   sincerely.
23                  THE COURT: Well, I believe that he is
24   sincere with that and that he has remorse and the Court
25   understands that.
```

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

SP 000337

1  Do you know any reason why I shouldn't
2  sentence your client at this time, Mr. Broydes?
3  MR. BROYDES: Excuse me?
4  THE COURT: Do you know any reason why I
5  should not sentence him at this time?
6  MR. BROYDES: No.
7  THE COURT: Okay. And Mr. Pszenczny, is
8  there any reason at this time why I should not sentence you?
9  THE DEFENDANT: No.
10 THE COURT: Fine. Okay. The Probation
11 Officer and the Court have found the base offense level to
12 be 9, the total offense level to be 7, the criminal history
13 category to be I and the guideline range to be zero to six
14 months.
15 Upon your plea of guilty to Count I of the
16 indictment, and pursuant to the Sentencing Reform Act, it is
17 the judgment of this Court that you are hereby sentenced to
18 time served.
19 You shall be placed on supervised release for
20 a term of three years. While on supervised release, you
21 shall not commit another federal, state or local crime and
22 shall comply with the standard conditions that have been
23 adopted by this Court and the following special conditions:
24 Number one, if deported, or you depart, you
25 shall not enter or attempt to enter the United States

1  without the written permission of the Attorney General or
2  the Chief U.S. Probation Officer of this district.
3            You shall pay a fine to the Clerk of the
4  Court in the sum of $1,000, which is due and payable
5  immediately.
6            And it's further ordered that you shall pay a
7  special assessment to the Clerk of the Court of $100, which
8  shall be due immediately.
9            Both parties the right to appeal this
10 sentence in certain limited circumstances, and the defendant
11 is advised to consult with his attorney to determine whether
12 or not an appeal is indicated.  Any appeal must be filed
13 within 10 days of this sentence.
14           And the Court believes that the defendant has
15 learned a pretty hard lesson here and hopes that from now
16 on, everything will work out well for him and his family.
17           THE DEFENDANT:  Yes.
18           THE INTERPRETER:  Once more, he apologizes
19 and thanks you.
20           THE COURT:  Anything further, gentlemen?
21           MR. BROYDES:  Your Honor, can I speak?
22           THE COURT:  Go ahead.
23           MR. BROYDES:  Your Honor, I don't know
24 whether my client has a thousand dollars right now.  I would
25 ask that he be given 15 days to pay that amount.

USA v. Pszenczny - 97-CR-38         11

1      MR. SCOTT: Take it from the bond?

2      THE COURT: I think there is a bail situation
3 right now.

4      MS. CONNOLLY: $2,500 cash bond.

5      THE COURT: $2,500. So, they can do it
6 through that.

7      MR. BROYDES: All right.

8      THE COURT: All right. Court's in recess.

9      MR. SILVER: Thank you, your Honor.

10      THE COURT: Thank you, Mr. Silver.

11      (This matter adjourned at 2:12 PM.)

12      - - - - -

13

14

15

16

17

18

19

20

21

22

23

24

25

THERESA J. CASAL, RPR, CRR   SP 000340
UNITED STATES COURT REPORTER - NDNY

CERTIFICATION:

I, THERESA J. CASAL, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, do hereby certify that I attended at the time and place set forth in the heading hereof; that I did make a stenographic record of the proceedings held in this matter and cause the same to be transcribed; that the foregoing is a true and correct transcript of the same and the whole thereof.

THERESA J. CASAL, RPR, CRR
Official Court Reporter

DATE: 11/16/04