U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                           File A 45 031 495

STANISLAW PSZENICZNY,      )
                           )   IN REMOVAL PROCEEDINGS
                           )
        Respondent         )   Transcript of Hearing

Before SARAH M. BURR, Immigration Judge

Date: May 6, 1998                    Place: New York, New York

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

  For the Immigration and         For the Respondent:
  Naturalization Service:

  Benita Sinha, Esquire           Mark Broydes, Esquire

```
 1   JUDGE FOR THE RECORD
 2              Today is May 6, 1998, this is Immigration Judge Sarah
 3   Burr, New York City.  This is a removal proceeding in the matter
 4   of Stanislaw Pszeniczny, file number A 45 031 495.  The
 5   respondent is present in court with his attorney.
 6   JUDGE TO MR. BROYDES
 7         Q.   Counsel, would you state your appearance.
 8         A.   Mark Broydes, 299 Broadway.
 9   JUDGE TO MS. SINHA
10         Q.   And the Government attorney.
11         A.   Benita Sinha.
12   JUDGE TO MR. BROYDES
13         Q.   What is your client's best language?
14         A.   Polish.
15         Q.   Do you waive a Polish interpreter?  Do you waive a
16   Polish interpreter, counsel, for today's hearing?  Counsel, do
17   you waive a Polish interpreter?
18         A.   I don't.
19         Q.   You don't.  Okay fine, we'll set it over until
20   about 5 o'clock tonight to get a Polish interpreter in.  Counsel,
21   do you waive a Polish interpreter?
22         A.   Yes, Your Honor.
23         Q.   All right.
24   JUDGE TO MS. SINHA
25         Q.   Now, this was put over to see if this gentleman
```

kah

1  ever had any other conviction for alien smuggling.
2      A.   No he doesn't, Your Honor.
3      Q.   All right.
4      A.   However, the people, the aliens that were being
5  smuggled are not family members of his.  And I believe there was
6  on his I-213 he indicates who his spouse is and the indictment
7  indicates the names of the individuals that were being smuggled.
8      Q.   All right.  Based upon the information contained
9  in Exhibit 2, which is the conviction record, the court finds
10 that he deportable for alien smuggling.  The court does not find
11 that he is an aggravated felon.
12 MR. BROYDES TO THE JUDGE
13     Q.   Can I make a statement, Your Honor?
14     A.   Yes.
15     Q.   He is, my client is charged with two violations.
16     A.   I know that counsel.  I'm sustaining one and not
17 the other.  I'm sustaining the charge that he knowingly,
18 encouraged, induced, assisted, abided, or aided other aliens to
19 enter the United States in violation of law.  I am not sustaining
20 the aggravated felony charge.
21     Q.   Your Honor, on that issue.
22     A.   On what issue?
23     Q.   My client --
24     A.   What issue, counsel?
25     Q.   Excuse me?

A 45 031 495                            7                        May 6, 1998

kah

| | | |
|---|---|---|
| 1 | A. | On what issue? |
| 2 | Q. | On the charge that, Your Honor, I guess already |

sustained, that my client has committed an act of knowingly assisting an alien.

5   A.   That's correct.
6   Q.   My client --
7   A.   Smuggling.
8   Q.   My client has denied that allegation.
9   A.   That's fine. I have the conviction record.
10  Q.   And the conviction, what the conviction simply says, Your Honor, it's simply taking the name of the crime rather then what my client has done just because, and therefore, Your Honor, makes it into, because the crime is called alien smuggling therefore, Your Honor, assumes that my client has been smuggling people from the outside into the United States.
16  A.   Counsel, if you want to reduce this to a legal argument in writing, be my guest. But he has been convicted of alien smuggling in violation of 8 U.S.C. 1324, he plead guilty to that. That is more then enough to sustain one of these charges.
20  Q.   Your Honor, --
21  A.   Now, if you have a problem with that you can file a written legal argument as to why I have incorrectly found him to be removable as charged.
24  Q.   Your Honor, let me just say that in his papers that I was served by the Immigration it is plain that he

A 45 031 495                    8                    May 6, 1998

kah

1 knowingly assisted etc. He was convicted for being indifferent.
2 Indifferent to the situation.
3    A.  Counsel, he plead guilty to the crime. We're not
4 going to relitigate the crime. It is a menz raya (phonetic sp.)
5 crime. He was convicted of knowingly smuggling aliens into the
6 country.
7    Q.  But, Your Honor, it's not holding your decision
8 based on the conviction. Your Honor makes your decision based on
9 certain acts that my client supposedly committed.
10   A.  No, I make my decision based on the nature of the
11 conviction, counsel. I don't know the specific acts that lead up
12 to his conviction but I know he plead guilty and I know what he
13 was convicted of and based upon that conviction I'm sustaining
14 the charge under 237(a)(1)(E)(i). Now, --
15 MS. SINHA TO THE JUDGE
16   Q.  Your Honor, if I may. I think that the aggravated
17 felony charge should also be sustained in accordance with the
18 definition and it's 101(a)(43)(N) and I have a copy of it if
19 you'd like to see it.
20   A.  I think he's has to have had a prior conviction.
21   Q.  I think it says first offense where it's a
22 relative, of the acceptation is a first offense when it's a
23 relative.
24   A.  All right. Well, I'll hold that open. Well, lets
25 see. If it's a aggravated felon he's not eligible for anything.

A 45 031 495                    9                    May 6, 1998

kah

1  All right.

2  JUDGE TO MR. BROYDES

3      Q.  Counsel, I'll give you an opportunity to submit a
4  brief as to why you don't believe your client's deportable with
5  the legal basis for your argument is on either of these charges
6  and I already have the, let's see, I have the conviction record,
7  that's already been marked as Exhibit 3, as Exhibit 2. Now the
8  documents that have been handed up by the Government are the
9  criminal court complaint, the I-213, and an application for an
10 immigrant visa. Now, counsel, do these documents relate to your
11 client, that you were just handed?

12     A.  Just we, do they --

13     Q.  Do these documents relate to your client?

14     A.  Do they relate to my client?

15     Q.  Yes, sir.

16     A.  I mean I don't see relevance of my client's
17 immigration application.

18     Q.  Well, probably to show the name of his wife. Now,
19 this document --

20     A.  Well, could we ask the counsel why she is offering
21 them?

22 MS. SINHA TO MR. BROYDES

23     Q.  Exactly what the Judge had stated. That is just
24 to show who is in his family.

25 JUDGE TO MR. BROYDES

A 45 031 495             10            May 6, 1998

kah

1  Q. All right. Sir, does this criminal complaint from
2  the Northern District of New York relate to your client?
3  A. Actually, there's no objections to it.
4  Q. That's Exhibit 3.
5  A. I'm not quite prefer to offer this to the court
6  but there was first initial complaint and then there was, there
7  was another complaint that was --
8  Q. Mr. Broydes, does this record of deportable alien
9  relate to your client? This is a statement taken from your
10 client.
11 A. Yes, Your Honor. No, I'm just simply saying to
12 Your Honor that my client, after he was arrested he was presented
13 with one complaint that there's seems in light of that complaint
14 was substituted for the new one and --
15 Q. I'm simply asking you, counsel, if these documents
16 relate to your client.
17 A. Yes, Your Honor.
18 Q. All right. This complaint, criminal complaint is
19 Exhibit 3. Record of Deportable Alien is Exhibit 4. The
20 application for an Immigrant Visa and Alien Registration, does
21 that relate to your client?
22 A. Yes, Your Honor.
23 Q. That's Exhibit 5.
24 MS. SINHA TO THE JUDGE
25 Q. Your Honor, Exhibit 3 was the visa face at the

A 45 031 495                    11                    May 6, 1998

kah

1  last hearing. So should we move everything down one?
2          A. No, I'll make this 3A. Exhibit 5 is the
3  application.
4  JUDGE TO MR. BROYDES
5          Q. Counsel, how much time do you need to submit in
6  writing your legal argument as to why I should not sustain the
7  two charges?
8          A. I would like to ask, Your Honor, for six weeks.
9          Q. All right. June 22, 1998 for counsel's brief on
10 removability.
11 JUDGE TO MS. SINHA
12         Q. And how much time does the Government wish to
13 respond?
14         A. Three weeks, Your Honor, if, I don't think the
15 Government's going to respond.
16         Q. All right. Then I'm going to then mark this case
17 off calendar for my decision. You'll get my decision. I'll
18 either, well I'll tell you what, I'll give you a control date but
19 I expect that I'll issue a written decision. The control date
20 will be July 22, 1998, 10 o'clock.
21 JUDGE TO MR. BROYDES
22         Q. This hearing is adjourned. Please advise your
23 client of the date and time of his next court appearance and of
24 the inabsentia consequences of failure to appear.
25                         HEARING CONTINUED

A 45 031 495                    12                    May 6, 1998