U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

| | |
|---|---|
| Matter of | File A 45 031 495 |
| STANISLAW PSZENICZNY, ) | IN REMOVAL PROCEEDINGS |
| ) | |
| Respondent ) | Transcript of Hearing |

Before SARAH M. BURR, Immigration Judge

Date: July 22, 1998                      Place: New York, New York

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and    For the Respondent:
    Naturalization Service:

    Benita Sinha, Esquire    Mark Broydes, Esquire

kah

```
 1   JUDGE FOR THE RECORD
 2              Today is July 22, 1998, this is Immigration Judge Sarah
 3   Burr in New York City.  This is a removal proceeding in the
 4   matter of Stanislaw Pszeniczny, file number A 45 031 495.  The
 5   respondent's present in court with his attorney Mr. Broydes.  The
 6   Government's represented by Ms. Sinha.
 7   JUDGE TO MR. BROYDES
 8         Q.   Counsel, do you waive a Polish interpreter for
 9   Master Calendar?
10         A.   Yes.
11         Q.   All right.
12   JUDGE FOR THE RECORD
13              I have Mr. Broydes written statement with regard to the
14   charges against the respondent.  I have read it.  I am not
15   persuaded by it.  Based upon the documents that have been marked
16   into evidence the court finds that the respondent is removable as
17   charged as both an alien smuggler and as an aggravated felon.
18   With regard to the aggravated felony charge I refer specifically
19   to Exhibits 3A, Exhibits 4, and Exhibits 5, which clearly show
20   that the people who were smuggled into the United States were not
21   family members of the respondent.  I don't believe that he's
22   eligible, he's certainly not eligible for voluntary departure or
23   for cancellation of removal.
24   JUDGE TO MR. BROYDES
25         Q.   Mr. Broydes, are you aware of any relief available
```

SP_000583

kah

1 to your client?

2   A. Not at this point.

3   Q. All right.

4 JUDGE TO COUNSEL

5   Q. Is there anything else from either side before I
6 enter my order?

7   A. (Ms. Sinha) No, Your Honor.

8 JUDGE TO MR. BROYDES

9   Q. Mr. Broydes, anything else?

10   A. No, Your Honor.

11            JUDGE RENDERS ORAL DECISION

12 JUDGE FOR THE RECORD

13   That is my decision and order.

14 JUDGE TO COUNSEL

15   Q. Does either side wish to reserve their right to
16 appeal?

17   A. (Ms. Sinha) No, Your Honor.

18 JUDGE TO MR. BROYDES

19   Q. Mr. Broydes, do you wish to reserve your right to
20 appeal?

21   A. (Mr. Broydes) I do reserve.

22   Q. All right. Mr. Broydes, you have 30 days to
23 appeal. That is on or before August 21, 1998. I'm handing you a
24 short form order and I'm going to also hand you the limitations
25 on discretionary relief should your client fail to surrender for

A 45 031 495               14               July 22, 1998

kah

1  removal at the time and place ordered by the Immigration and
2  Naturalization Service.
3  JUDGE TO MR. PSZENICZNY
4      Q.  Sir, do you understand English?
5      A.  (Indiscernible).
6  JUDGE TO MR. BROYDES
7      Q.  All right, Mr. Broydes, please advise your client
8  of the warnings that are contained on the limitations on
9  discretionary relief.  Please advise him that he's been ordered
10 removed.  All right?  Mr. Broydes, are you listening to me?
11     A.  Yes, Your Honor.  I just want to say that I speak
12 Polish language and I can do that.
13     Q.  All right, that's fine, but I'm not going to use
14 you as an interpreter in court, but I assume as an officer of the
15 court that you will so advise your client of all of the
16 limitations on discretionary relief if he fails to surrender for
17 removal at the time and place ordered by the Immigration and
18 Naturalization Service.  Will you do that?
19     A.  Yes, Your Honor.  I'm just saying that I can do
20 it.
21     Q.  Here's a copy of the short form order and the
22 limitations on discretionary relief and please note at the bottom
23 of the order is the appeal date, appeal due by August 21, 1998.
24 JUDGE FOR THE RECORD
25         This hearing is closed.  Thank you.

A 45 031 495                    15                    July 22, 1998

kah

1 (OFF THE RECORD)

2 (ON THE RECORD)

3 JUDGE FOR THE RECORD

4 We're back on the record. I'm handing counsel the

5 appeal forms for the Board of Immigration Appeals.

6 <u>HEARING CLOSED</u>

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 45 031 495　　　　　　　　　　16　　　　　　　　　　July 22, 1998

SP_000586

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

IMMIGRATION COURT

New York, New York

File No.:   A 45 031 495                              July 22, 1998

In the Matter of                )
                                )
STANISLAW PSZENICZNY,           )    IN REMOVAL PROCEEDINGS
                                )
       Respondent               )

CHARGES:   Section 237(a)(2)(A)(iii) of the Immigration and
           Nationality Act, in that the respondent has been
           convicted of an aggravated felony; Section
           237(a)(1)(E)(i) of the Immigration and Nationality Act,
           in that the respondent has within five years of the
           date of his entry knowingly encouraged, induced,
           assisted, abided, or aided another alien to enter the
           United States in violation of law.

APPLICATIONS:

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Mark Broydes, Esquire                 Benita Sinha, Assistant
299 Broadway                            District Counsel
Suite 1820                            New York District
New York, New York 10007

ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent was admitted to the United States on June 4 of 1996, as a lawful permanent resident (see Exbibit 3).

kah

Slightly over six months later, on January 16 of 1997, the respondent was arrested in upper New York State near the Canadian border. He was charged with alien smuggling (see Exhibits 3A and 4). On June 24 of 1997, the respondent plead guilty in the United States District Court for the Northern District of New York to one count of alien smuggling in violation of 8 U.S.C. Section 1324(a)(1)(A)(see Exhibit 2).

As a result of this conviction, the respondent was placed in removal proceedings. The respondent through his attorney has admitted allegations 1, 2, 3, and 5 contained in the Notice to Appear. This court has found, based upon the respondent's concessions and based upon the Exhibits marked into evidence, that the respondent is removable as charged.

In spite of the argument advanced by counsel, the record clearly establishes that the respondent is removable both as an alien smuggler and as an aggravated felon. The criminal judgment states that the respondent plead guilty to one count of alien smuggling in violation of the United States law (see Exhibit 2). Contrary to counsel's argument that his client is not guilty of alien smuggling because he did not cross the United States Canada border to bring undocumented people into this country, it is clear from the statute and the criminal complaint that it is unnecessary for the respondent to have actually crossed the border in order for he himself to be guilty of alien smuggling. (See Exhibit 3A and 8 U.S.C. Section 1324(a)(1)(A)).

A 45 031 495      2      July 22, 1998

kah

With regard to the aggravated felony charge it is equally clear from Immigration and Nationality Act Section 101(a)(43)(N) that a person convicted of alien smuggling is an aggravated felon unless it is a first offense and it involves the smuggling of a spouse, child, or parent. The two individuals whom the respondent helped to smuggle into the United States are not family members as evidenced by the Exhibit 3A, 4, and 5.

The respondent has not applied for any relief from removal and does not appear to be eligible for any relief. Accordingly the following order will be entered.

## ORDER

IT IS HEREBY ORDERED that the respondent be removed from the United States to Poland based upon the charge under Section 237(a)(2)(A)(iii) and under Section 237(a)(1)(E)(i).

SARAH M. BURR
U.S. Immigration Judge

A 45 031 495     3     July 22, 1998

CERTIFICATE PAGE

I hereby certify that the attached proceeding before SARAH M. BURR in the matter of:

STANISLAW PSZENICZNY

A 45 031 495

New York, New York

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

(Kathy A. Hollar, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

September 23, 1998
(Completion Date)