UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

IMMIGRATION COURT

New York, New York

File No.:   A 45 031 495                                July 22, 1998

In the Matter of          )
                          )
STANISLAW PSZENICZNY,     )    IN REMOVAL PROCEEDINGS
                          )
      Respondent          )

CHARGES:  Section 237(a)(2)(A)(iii) of the Immigration and
          Nationality Act, in that the respondent has been
          convicted of an aggravated felony; Section
          237(a)(1)(E)(i) of the Immigration and Nationality Act,
          in that the respondent has within five years of the
          date of his entry knowingly encouraged, induced,
          assisted, abided, or aided another alien to enter the
          United States in violation of law.

APPLICATIONS:

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Mark Broydes, Esquire                 Benita Sinha, Assistant
299 Broadway                             District Counsel
Suite 1820                            New York District
New York, New York 10007

ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent was admitted to the United States on June 4 of 1996, as a lawful permanent resident (see Exbibit 3).

kah

Slightly over six months later, on January 16 of 1997, the respondent was arrested in upper New York State near the Canadian border. He was charged with alien smuggling (see Exhibits 3A and 4). On June 24 of 1997, the respondent plead guilty in the United States District Court for the Northern District of New York to one count of alien smuggling in violation of 8 U.S.C. Section 1324(a)(1)(A)(see Exhibit 2).

As a result of this conviction, the respondent was placed in removal proceedings. The respondent through his attorney has admitted allegations 1, 2, 3, and 5 contained in the Notice to Appear. This court has found, based upon the respondent's concessions and based upon the Exhibits marked into evidence, that the respondent is removable as charged.

In spite of the argument advanced by counsel, the record clearly establishes that the respondent is removable both as an alien smuggler and as an aggravated felon. The criminal judgment states that the respondent plead guilty to one count of alien smuggling in violation of the United States law (see Exhibit 2). Contrary to counsel's argument that his client is not guilty of alien smuggling because he did not cross the United States Canada border to bring undocumented people into this country, it is clear from the statute and the criminal complaint that it is unnecessary for the respondent to have actually crossed the border in order for he himself to be guilty of alien smuggling. (See Exhibit 3A and 8 U.S.C. Section 1324(a)(1)(A)).

A 45 031 495                           2                        July 22, 1998

SP_000588

kah

With regard to the aggravated felony charge it is equally clear from Immigration and Nationality Act Section 101(a)(43)(N) that a person convicted of alien smuggling is an aggravated felon unless it is a first offense and it involves the smuggling of a spouse, child, or parent. The two individuals whom the respondent helped to smuggle into the United States are not family members as evidenced by the Exhibit 3A, 4, and 5.

The respondent has not applied for any relief from removal and does not appear to be eligible for any relief. Accordingly the following order will be entered.

### ORDER

IT IS HEREBY ORDERED that the respondent be removed from the United States to Poland based upon the charge under Section 237(a)(2)(A)(iii) and under Section 237(a)(1)(E)(i).

SARAH M. BURR
U.S. Immigration Judge

A 45 031 495　　　　　　　　　3　　　　　　　　　July 22, 1998

CERTIFICATE PAGE

I hereby certify that the attached proceeding before SARAH M. BURR in the matter of:

STANISLAW PSZENICZNY

A 45 031 495

New York, New York

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

_____
(Kathy A. Hollar, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

September 23, 1998
(Completion Date)

```
                    IMMIGRATION COURT
               26 FEDERAL PLZ 10TH FL RM 1000
                    NEW YORK, NY  10278
```

In the Matter of

PSZENICZNY, STANISLAW
    Respondent

Case A45-031-495

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 22, 1998.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to _Poland_
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ] Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ] Respondent's application for asylum was ( ) granted ( ) denied
    ( ) withdrawn.
[ ] Respondent's application for withholding of removal was ( ) granted
    ( ) denied ( ) withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( ) granted ( ) denied ( ) withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( ) granted ( ) denied ( ) withdrawn or ( ) other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( ) granted ( ) denied ( ) withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[X] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____.
    Date: Jul 22, 1998
    Appeal: WAIVED   Appeal Due By: Aug 21, 1998

                                          SARAH M. BURR
                                          Immigration Judge

TAC

ALIEN NUMBER: 45-031-495                              ALIEN NAME: PSZENICZNY, STANISLAW

---

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [P] ALIEN's ATT/REP   [P] INS
DATE: 7-22-98        BY: COURT STAFF _____
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

Q6

SP_000621