August 3, 2021

<u>By ECF</u>

The Honorable J. LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Stanislaw Pszeniczny, 18-CR-433 (LDH),
                Request to Reconsider Defendant's Motion to Dismiss in Light
                of *Niz-Chavez v. Garland,* 141 S.Ct. 1474 (2021)

Dear Honorable J. LaShann DeArcy Hall:

      In light of the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S.Ct. 1474 (2021), the defendant requests that this Court grant his initial motion to dismiss (*See* Document 20), as the immigration court never had jurisdiction over Mr. Pszeniczny's removal hearing. The crux of the defendant's argument centers around the immigration charging document's (known as a "notice to appear" or "NTA") failure to include a date and time of the removal hearing. In support of the initial motion (Document 20), the defendant relied on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). While this Court denied that motion (*See* Document 30), it did so solely based on the Second Circuit decision in *Banegas-Gomez v. Barr,* 922 F.3d 101 (2nd Cir. 2019)[1], which found *Pereira* applicable only to limited situations having nothing to do with jurisdiction. The Supreme Court's ruling in *Niz-Chavez* abrogates that decision.

      Significantly, the *Niz-Chavez* decision has caused the Department of Justice to take pause and question its own institutional interpretation of the *Pereira* decision, set forth in *Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018). In that decision, the Board of Immigration Appeals ("BIA")

---

[1] Published after the initial motion was filed.

1

found that a notice to appear that does not specify the time and place of a non-citizen's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (2012), so long as a notice of hearing specifying this information is later sent to the non-citizen. See *Bermudez Cota*, 27 I&N Dec. 441 (BIA 2018). But, due to the Supreme Court's decision in *Niz-Chavez*, the BIA is eliciting *amicus curiae* briefs from stakeholder organizations and practitioners as it considers the exact question which lies at the heart of the defendant's motion to dismiss and this motion to reconsider its prior denial: **(w)hether, and if so to what extent, *Niz-Chavez* impacts the jurisdiction of an Immigration Court where the Notice to Appear fails to satisfy the statutory requirements of section 239(a) of the Act, 8 U.S.C. § 1229(a).** See, <u>Exh. A</u>, *Request for Amicus Curiae Briefs*.

In its prior decision, this Court correctly identified and characterized the argument being forwarded by the defendant as the so called "jurisdictional argument"[2], which was advanced by many advocates for non-citizens and adopted by a host of district courts in the wake of *Pereira*. See, *United States v. Leon Gonzalez*, 351 F. Supp. 3d 1026 (W.D. Tex. 2018); *United States v. Zapata-Cortinas,* 351 F. Supp. 3d 1006 (W.D. Tex. 2018); *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. 2018); *United States v. Valladares*, No. A-17-CR-00156-SS, 2018 WL 6629653 (W.D. Tex. Oct. 30, 2018). Simply stated, that argument is that "*Pereira* clarifies what a notice to appear must contain to be a 'notice to appear' under §1229(a), and that because a putative notice that omits the time and place of the removal proceedings is not a 'notice to appear,' the filing of such a notice does not confer jurisdiction on an immigration court."

---

[2] The previous decision denying the defendant's motion also correctly pointed out the somewhat imprecise nature of this characterization albeit one born out of the imprecision of the statutes and regulations around which these arguments revolve. See, *Pszeniczny* at 364.

*Pszeniczny*, 384 F.Supp.3d 353, 358 ([quoting *U.S. v. Erazo-Diaz*, 353 F. Supp. 3d 867, 871 (D. Ariz. 2018)], [citing *United States v. Cruz-Jimenez*, No. A-17-CR-00063-SS, 2018 WL 577491 (W.D. Tex. Nov. 2, 2018)]). But in *Banegas-Gomez*, the Second Circuit found the argument was an overly expansive view of *Pereira's* holding.

In *Banegas-Gomez*, the Second Circuit joined several sister circuits in limiting the holding of *Pereira* to the 'narrow question' of what information an NTA must contain to trigger the 'stop-time rule' under 8 U.S.C. § 1229b(d)(1), which are set forth under § 1229(a). [3] See, *Banegas-Gomez*, 922 F.3d at 110. The *Banegas-Gomez* court held *Pereira* inapplicable to any cases arising outside of the context of the 'stop time rule' and that an NTA lacking a date and time is "adequate to vest jurisdiction in the Immigration Court, ***at least so long as a notice of hearing specifying this information is later sent to the alien***." *Id*. at 112 (emphasis added).

Significantly, this Court's prior decision did not come down on either side of the competing jurisdictional arguments in the wake of *Pereira*. Instead, the Court found that the Second Circuit's holding in *Banegas-Gomez*, noting its distinction from the 9th Circuit[4], as making the "conclusion uncontestable"[5] in this district. Also significant is that in coming to this conclusion, Judge Weinstein examined the Second Circuit's reliance on *Bermudez-Cota*, *supra*, see, *Pszeniczny* at 358-359, which the BIA itself has now called into question in light of *Niz Chavez*.

---

[3] The so called "stop-time rule" governs the calculation of periods of continuous residence or physical presence for accumulating either seven years of continuous residence for lawful permanent resident cancellation of removal or ten years of physical presence for non-lawful permanent residence cancellation of removal as forms of relief from removal in Immigration Court. See, 18 U.S.C. § 1229b. Under 18 U.S.C. § 1229b(d)(1), the accrual of such time periods are determined to have stopped, when, *inter alia*, an "alien is served with a notice to appear under section 1229(a) of this title.
[4] See, *Lopez v. Barr*, 925 F.3d 396, 404-06 (9th Cir. 2019).
[5] *Pszeniczny* at 365.

The *Niz-Chavez* decision represents a wholesale rejection of the "two-step notice process" that was crucial to Second Circuit's decision in *Banegas-Gomez* and the BIA's decision in *Bermudez-Cota.* The Court specifically clarified that an NTA without all of the information required by INA § 239(a)(1) cannot be made to comply with that statute simply by supplementing it with a subsequent notice that contains the missing information. Rather, the Court found that the written notice referred to in INA § 239(a)(1) refers to a single document that contains all the required information. 141 S. Ct. at 1480-81. Thus, no matter what hearing notices the immigration court may subsequently issue, an NTA that does not contain time and place information cannot satisfy INA § 239(a)(1).

Also critical to this analysis is *Niz-Chavez's* interpretation of the word "a" in the § 1229(a)'s reference to "a 'Notice to Appear'". That same word is also used in the federal regulation that vests jurisdiction with the immigration court, which occurs "when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. §1003.14(a).  While *Bermudez-Cota* and federal court decisions found that regulation to be the critical difference between the jurisdictional issue and those pertaining to the stop time rule in *Pereira,* the *Niz-Chavez* decision erases that distinction.

 Like 1229(a), the regulation unambiguously refers to "*'a'* charging document", meaning that only a single document—an NTA—can vest the court with jurisdiction. While the BIA held in both *Bermudez-Cota, supra* and other *post-Pereira* decisions[6] that the regulations do not specify what information "'a' charging document" must include, *Niz-Chavez* makes it abundantly clear that the agency cannot narrow by regulation what is required by statute. The Supreme Court rejected the government's argument that the regulations do not require the NTA

---

[6] See, *Matter of Rosales Vargas & Rosales Rosales*, 27 I&N Dec. 745 (BIA 2020).

to contain time and place information, stating that, "pleas of administrative inconvenience and self-serving regulations never 'justify departing from the statute's clear text.'" *Niz-Chavez*, 141 S. Ct. at 1485.

The Court's ruling in the *Niz-Chavez* decision focuses heavily on the statutory requirements found at 8 U.S.C. § 1229(a) rather than the regulations. And, as many courts have concluded, only Congress, not the agency through regulations, can define or limit the agency's jurisdiction. The reality is that any jurisdictional argument ought to be grounded solely on the statute. See, *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019); *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019) (the agency cannot define the scope of its own power); *Lopez-Munoz v. Barr*, 941 F.3d 1013 (10th Cir. 2019) (attorney general cannot unilaterally restrict congressionally-delegated jurisdiction).

Also noteworthy is that some courts, in reaching the conclusion that the statute is not jurisdictional, have relied on the absence of a clear statement from Congress "that the immigration court's jurisdiction depends on the content of notices to appear." *Pierre-Paul*, 930 F.3d at 692. While these courts have assumed "congressional silence" on the issue, in reality they have clearly overlooked an explicit statement from Congress at the time it enacted INA § 239(a)(1) through the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). In §309(c) of IIRIRA- a transitional rule governing removal proceedings, Congress specified that the newly-described NTA in INA § 239 (8 U.S.C. § 1229(a), the controlling source on the issue of subject matter jurisdiction as advanced by the defendant in the case at bar) "confer[s] jurisdiction on the immigration judge." It would appear that this explicit congressional statement, albeit in the form of a transitional rule, seriously undermines any decisions concluding that the

5

statute does not make jurisdiction over immigration proceedings dependent on the proper service of an NTA that fully conforms with 8 U.S.C. § 1229(a).

While the *Niz-Chavez* Court was not asked to address the jurisdictional argument, the Court's language and analysis clearly settles the question that only a single charging document as defined under §1229(a) confers jurisdiction on the immigration court. When examining *Niz-Chavez*, along with the Court's decision in *Pereira*, it is clear that both the BIA's decision in *Bermudez-Cota* and its endorsement of the 'two-step notice process', as well as the Second Circuit's decision in *Banegas-Gomez* that relied upon that process, are overruled. Therefore, this Court's earlier decision finding the issue "uncontestable"[7] must be revisited.

The defendant acknowledges that the Second Circuit has yet to squarely address the effect *Niz-Chavez* has had on its decision in *Banegas-Gomez*, with at least one unpublished decision since the Supreme Court decision having cited *Banegas-Gomez* as foreclosing the 'jurisdictional argument". See, *Herrera-Antunez v. Garland*, 848 Fed. Appx. 486 (2nd Cir. 2021). But in that case, decided less than one month after the Supreme Court decision, the panel did not even mention *Niz-Chavez*, suggesting the arguments were not adequately presented before that panel. See also, *Martinez Soriano v. Garland*, ---Fed. Appx--- (2021), 2021 WL 2010468 (also dismissing a petitioner's 'jurisdictional argument' citing *Banegas-Gomez* without mentioning *Niz-Chavez*). Nevertheless, in *Yi Guo Chen v. Garland*, 846 Fed. Appx. 81 (2nd Cir. 2021), the Second Circuit does indeed suggest that *Niz-Chavez* would have applied to the jurisdictional argument had DHS indeed filed an NTA with a date and time.

In *Yi Guo Chen,* the petitioner was ordered removed after an exclusion proceeding in

---

[7] See, *Pszeniczny* at 365.

6

which a notice that included a hearing date, time, and place, was deemed "sufficient to commence those proceedings". *Id. at 81.* While there was an NTA in the file that did not include this information, DHS did not file it with the court, nor did they rely on it to commence proceedings. The court, therefore, denied the petition for review, finding *Niz Chavez* inapplicable. Nevertheless, the reasoning behind the court's decision to deny the petition- that *Niz- Chavez* did not apply because the NTA was not relied on- is telling. In citing to *Niz-Chavez,* for the rule that the required information must be set forth in one NTA, as opposed to relying on *Banegas-Gomez*, the Court seems to suggest that had an improper NTA actually been filed, the decision would have been different.

The present uncertainty regarding the true scope of the Supreme Court's twin decisions in *Pereira* and *Niz-Chavez*, could not be lain barer than in the Department of Justice's recent expression of its own institutional uncertainty on the question in its request for guidance to practitioners and organizations alike. See, Exh. A, *Request for Amicus Curiae Briefs*. Given the limited, interpretive role of Federal Appeals Courts in cases such as *Pereira*, *Niz-Chavez* and *Banegas-Gomez*, the fact the Department of Justice itself is now uncertain as to its legal position on the very question at issue in this set of motion papers, a decision against the defendant would be premature. It is certainly reasonable to conclude with further rulings of the Attorney General, EOIR, and the Second Circuit likely forthcoming that an unfavorable decision to the defendant would require reconsideration or potentially reversal.

Wherefore, the defendant respectfully moves this Court for an order granting reconsideration of the previous motion (Document 20) to dismiss the indictment in light of *Niz-Chavez*, and to issue an order dismissing the indictment. Alternatively, the defendant requests the Court hold in abeyance any adverse resolution of the defendant's motion until guidance is

forthcoming from the Second Circuit regarding the status of its prior decision in *Banegas-Gomez* or a decision of the Department of Justice, the Attorney General or the BIA that further clarifies the present position of the government on the dispositive issue raised in this motion.

                                                    Sincerely,

                                                    /s/ David J. Cohen, Esq.
David J. Cohen, Esq.
Attorney for the Defendant
Cohen Forman Barone, LLP
950 Third Avenue, 11th Floor
New York, NY 10022