August 12, 2021

By ECF

The Honorable J. LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Stanislaw Pszeniczny, 18-CR-433 (LDH),
Request to Reconsider Defendant's Motion to Dismiss in Light
of *Niz-Chavez v. Garland,* 141 S.Ct. 1474 (2021)

Dear Honorable J. LaShann DeArcy Hall:

The following exhibits are filed in conjunction with entry 60 "MOTION for Reconsideration *Letter Brief* by Stanislaw Pszeniczny. (Cohen, David) (Entered: 08/05/2021)."

Sincerely,

     /s/ David J. Cohen, Esq.
David J. Cohen, Esq.
Attorney for the Defendant
Cohen Forman Barone, LLP
950 Third Avenue, 11th Floor
New York, NY 10022

# EXHIBIT A

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

---

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: __A45 031 495__

In the Matter of:

Respondent: _____ Stanislaw PSZENICZNY _____ currently residing at:

__56 57 59th Street, Maspeth, New York  11378__ _____ (718) 894-5051

(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

– SEE ATTACHED ALLEGATIONS –

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43) of the Act.

Section 237(a)(1)(E)(i) of the Immigration and Nationality Act (Act), as amended, in that prior to the date of your entry, at the time of entry, or within five years of the date of your entry, you knowingly encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____

(Complete Address of Immigration Court, Including Room Number, if any)

on __TO BE SET__ at __TO BE SET__ to show why you should not be removed from the United States based on the
(Date)          (Time)
charge(s) set forth above.

_____
Officer in Charge
(of Issuing Officer)

Date: __06/24/97__ _____ Albany, New York
(City and State)

<b>See reverse for important information</b>

Form I-862 (Rev. 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
(Signature and Title of INS Officer)

_____
(Signature of Respondent)

Date: _____

### Certificate of Service

This Notice to Appear was served on the respondent by me on ⟨June 24, 1997⟩ , in the following manner and in compliance with section 239(a)(1)(F) of the Act:
                                                    (Date)

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail          RIGHT INDEX

☒ Attached is a list of organizations and attorneys which provide free legal services. and Form EOIR-33.

☒ The alien was provided oral notice in the ⟨Polish⟩ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)     ⟨Deportation Officer⟩

SP_000173   (Rev. 4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service                 Continuation Page for Form _____         I–862

| Alien's Name | File Number | Date |
|---|---|---|
| Stanislaw PSZNEZICZNY | A45 031 495 | 06/24/97 |

— ALLEGATIONS —

1. You are not a citizen or national of the United States;

2. You are a native of POLAND and a citizen of POLAND;

3. You were admitted to the United States at NEW YORK, NEW YORK, on or about 06/04/96 as an IMMIGRANT;

4. On or about 01/16/97, you knowingly encouraged, inducted, assisted, abetted or aided JAROSLAW TYSZKA and ANNA KANIOR, aliens, to enter or to try to enter the United States at or near MESSENA, NEW YORK, in violation of law.

5. You were, on 06/24/97, convicted in the US DISTRICT COURT, NORTHERN DISTRICT of NEW YORK, for the offense of ALIEN SMUGGLING, in violation of Title 8 USC 1324(a)(1)(A).

| Signature | | Title |
|---|---|---|
| | | Officer in Charge |

# EXHIBIT B

I CERTIFY THAT
THIS IS A TRUE COPY
GEORGE A. RAY
CLERK, U.S. DISTRICT COURT

BY *W. Lindehoog*
DEPUTY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

STANISLAW PSZENICZNY

Defendant.

I N D I C T M E N T

Criminal No. 97-CR-038 *FJS*

VIO: 8 U.S.C. § 1324(a)(1)(A)(ii)

RECEIVED

MAR 25 1997

[One Count]

U.S. PROBATION, ALBANY, NY

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

FEB 12 1997

GEORGE A. RAY, Clerk
ALBANY

THE GRAND JURY CHARGES:

COUNT ONE

That from on or about January 16, 1997, in Franklin County, State and Northern District of New York, the defendant **STANISLAW PSZENICZNY**, did knowingly and in reckless disregard of the fact that an alien had come to, entered or remained in the United States in violation of law, transported, or moved, or attempted to transport or move such alien.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

A TRUE BILL

████████████████████████████

FOREPERSON

THOMAS J. MARONEY
UNITED STATES ATTORNEY

BY: ████████████████████

JOSHUA W. NESBITT
ASSISTANT U.S. ATTORNEY
BAR ROLL # 103835

# EXHIBIT C

1

# COPY

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - - - - - - - - - - -

4   UNITED STATES OF AMERICA,

5

6       -versus-                              97-CR-38

7                                             (PLEA)

8   STANISLAW PSZENCZNY,

9                   Defendant.

10  - - - - - - - - - - - - - - - - - - - - - - - -

11

12

13

14          TRANSCRIPT OF PROCEEDINGS held in and for the

15  United States District Court, Northern District of New York,

16  at the James T. Foley United States Courthouse, 445 Broadway,

17  Albany, New York 12207, on FRIDAY, MARCH 21, 1997, before

18  the HON. LAWRENCE E. KAHN, United States District Court Judge.

19

20

21

22

23

24

25

2

1

2  APPEARANCES:

3

4

5  FOR THE GOVERNMENT:

6  HON. THOMAS MARONEY, United States Attorney - NDNY

7  BY:   JOSHUA W. NESBITT, Assistant U.S. Attorney

8

9

10

11  FOR THE DEFENDANT:

12  MARK BROYDES, ESQ.

13

14  ALSO PRESENT:   THERESA BUNK, Polish Interpreter

15

16

17

18

19

20

21

22

23

24

25

```
1                   (Court convened at 1:11 PM.)

2                   THE CLERK:  March 21, 1997.  1:12.  United

3    States of America versus Stanislaw Pszeniczny, 97-CR-38.

4                   Would counsel approach and give their

5    appearances for the record?

6                   MR. NESBITT:  Joshua Nesbitt for the

7    Government.

8                   MR. BROYDES:  Mark Broydes for the defendant.

9                   THE COURT:  Mr. Broydes.  Now, as I

10   understand it, we need an interpreter, too.  And that is

11   Mrs. --

12                   THE INTERPRETER:  Theresa Bunk.

13                   THE COURT:  Do you have to swear the

14   interpreter?

15                   THE CLERK:  Yes.  Please step forward

16   everybody.

17                   (Interpreter duly sworn.)

18                   THE COURT:  Welcome.  As I understand it, the

19   defendant is Polish and speaks Polish, and his attorney,

20   Mark Broydes --

21                   MR. BROYDES:  Yes.

22                   THE COURT:  -- actually, you speak also

23   Polish?

24                   MR. BROYDES:  I speak also Polish.

25                   THE COURT:  So, not for confusion, I am sure
```

4

USA v. Pszeniczny - 97-CR-38

1   you will speak to him in Polish, which is good, and the

2   interpreter, if she would please instruct or please

3   interpret and translate verbatim, so there's no confusion

4   between the lawyer -- and if I go too fast --

5                    THE INTERPRETER:  That's fine.

6                    THE COURT:  -- you let me know.

7                    THE INTERPRETER:  Thank you.

8                    THE COURT:  You can just do as I do.  But if

9   you feel you need more time, let me know.

10                   THE INTERPRETER:  Thank you.

11                   THE COURT:  And as I understand it,

12  Mr. Broydes, at this time, your client wishes to waive his

13  right to indictment by a grand jury and enter a plea to one

14  count of the information prepared by the U.S. Attorney's

15  office?

16                   MR. NESBITT:  The defendant has been

17  indicted.  This is a copy of the indictment, too.

18                   THE COURT:  I am sorry.  I thought it was a

19  waiver.  That's fine.

20                   All right, so he has already been indicted,

21  fine.

22                   Okay.  Do you want to have the defendant

23  sworn, please?

24                   THE CLERK:  Yes.

25                   (Defendant duly sworn.)

1           THE COURT:  Okay, Mr. Pszeniczny, did I say

2   that right?  Okay.  I'm gonna ask you some questions.  And

3   most importantly, I want to make sure that you understand

4   what's happening here this afternoon and that you understand

5   your rights and the charges and the consequences of what you

6   do here this morning -- or this afternoon.

7           Again, would you state your full name for the

8   record?

9           THE DEFENDANT:  Stanislaw Pszeniczny.

10          THE COURT:  Fine.  How old are you now?

11          THE DEFENDANT:  Fifty-three.

12          THE COURT:  Your date of birth?

13          THE DEFENDANT:  June 26, 1953.

14          THE COURT:  Okay.  Could you just provide us

15  what educational background you have, if any?  What

16  schooling you went to?

17          THE DEFENDANT:  High school education.

18          THE COURT:  Okay.

19          THE DEFENDANT:  Beyond that, nothing.

20          THE COURT:  Fine.  And what kind of

21  employment experience have you had since you got out of

22  school?  Over the years, what type of work did you do?

23          THE DEFENDANT:  Iron work.  Metal worker.

24          THE COURT:  Okay.  Fine.  Are you married?

25          THE DEFENDANT:  Yes.

USA v. Pszeniczny - 97-CR-38                                                   6

1          THE COURT:  Any children?

2          THE DEFENDANT:  Three.

3          THE COURT:  Three?

4          THE DEFENDANT:  Three.

5          THE COURT:  How old are they?

6          THE DEFENDANT:  The oldest daughter is 21;

7    19, 13.  Three daughters.

8          THE COURT:  All right.  Okay.  Have you had

9    any alcohol or narcotics within the past 48 hours?

10         THE DEFENDANT:  No.

11         THE COURT:  Are you currently or have you

12   recently been under the care of a physician or psychiatrist

13   for a physical or mental condition?

14         THE DEFENDANT:  No.

15         THE INTERPRETER:  He had an injury to his leg

16   this past Tuesday.  He stepped on a nail.

17         THE COURT:  And have you received any pills

18   or any medicine to treat that?

19         THE INTERPRETER:  He had received an

20   injection for it from a doctor.

21         THE COURT:  That was what, on Tuesday?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Okay.  Today's Friday.  Is that

24   in any way affecting your mental thinking capacity or --

25         THE DEFENDANT:  No.

1          THE COURT:  Okay.  As you can see, the main

2     thing I ask, is there anything you're taking or doing which

3     in any way affects your ability to understand the charges

4     and the consequences of what you're doing here this

5     afternoon?

6          THE DEFENDANT:  No.

7          THE COURT:  Fine.  And you're being

8     represented by Mr. Mark Broydes, is that right?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And he was hired by you to

11    represent you?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Has he gone over the indictment

14    with you and have you been furnished with a copy of the

15    charges against you?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Have you had a chance to read the

18    charges?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And has Mr. Broydes explained the

21    charges to you?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And, of course, he speaks Polish,

24    so, obviously, he communicated in your own language; right?

25         THE DEFENDANT:  Yes.

USA v. Pszeniczny - 97-CR-38                                    8

1              THE COURT:  And do you understand the

2     charges?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Okay.  Now, as I understand it,

5     you wish to enter a guilty plea at this time to the

6     one-count indictment?

7              THE DEFENDANT:  Yes.

8              THE COURT:  I'm also gonna be asking you if

9     you're pleading guilty freely and voluntarily, with an

10    understanding of the charges and the consequences of

11    pleading guilty.  I am going to be asking you if anybody has

12    made any promises of leniency to you except what's in the

13    plea agreement in exchange for your plea of guilty.

14             THE DEFENDANT:  No.

15             THE COURT:  I am going to be asking you if

16    anyone has threatened you with a use of force to induce you

17    to plead guilty.  And also, I am gonna be asking you about

18    your conduct in this case so I can establish that there is a

19    factual basis for accepting and entering the plea.

20             And I want to advise you at this time that if

21    the answers you give to me to the questions I ask you are

22    not truthful, it may later be used against you in a

23    prosecution for perjury or making a false statement.  And I

24    just want to know if you understand all this?

25             THE INTERPRETER:  Yes, he understands.

1          THE COURT:  Fine.  Before I ask you those

2   particular questions and before the clerk takes your plea, I

3   have to advise you of certain rights that you have in

4   connection with this matter.

5          First of all, you have a right to enter a

6   plea of not guilty to the charges in the indictment and

7   persist in that plea.

8          You have a right to a speedy and a public

9   trial by an impartial jury of 12 persons or to a trial by

10  the Court alone if you waived a jury trial.

11         Upon such a trial, you would be presumed to

12  be innocent under the law and the burden would be upon the

13  Government to prove your guilt to the satisfaction of all

14  12 jurors beyond a reasonable doubt or to the satisfaction

15  of the Court if you waived a jury trial.

16         At such a trial, you would have the right to

17  the assistance of an attorney; you would have the right to

18  confront, that is, to see and hear any witnesses sworn

19  against you and to cross-examine them.

20         THE INTERPRETER:  What was the last, sir?

21         THE COURT:  You would have the right to

22  confront and see and hear any witnesses sworn against you

23  and to cross-examine them.

24         You would have the right to remain silent or

25  to testify in your own behalf, but you couldn't be compelled

USA v. Pszeniczny - 97-CR-38                                    10

1    to incriminate yourself or to testify at all and your

2    silence could not be held against you in any way, nor could

3    any inferences of guilt be drawn against you if you decided

4    not to testify.

5             You would have the right to use the subpoena

6    or other processes of the Court to compel witnesses to

7    attend the trial and to testify and to obtain any

8    documentary or other evidence you might wish to offer in

9    your own defense.

10            Now, if the Court accepts your plea of guilty

11   here this afternoon, you're gonna waive or give up all those

12   rights, there won't be a trial of any kind, and the Court

13   will have the same power to sentence you as if you had been

14   found guilty after a trial on the count in the indictment to

15   which you're pleading.

16            Have you talked to Mr. Broydes about pleading

17   guilty?

18            THE DEFENDANT:  Yes.

19            THE COURT:  And he explained the charges to

20   you, is that right?

21            THE DEFENDANT:  Yes.

22            THE COURT:  And you talked to Mr. Broydes

23   about the consequences of pleading guilty?

24            THE DEFENDANT:  Yes.

25            THE COURT:  And do you understand those

USA v. Pszeniczny - 97-CR-38                                    11

1    consequences?

2                    THE DEFENDANT:  Yes.

3                    THE COURT:  Did you discuss with Mr. Broydes

4    your chances of success or failure should you go to trial,

5    the trial strategy you might use and any defenses you might

6    put forward?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  I'd also advise you that your

9    plea of guilty constitutes a waiver of your right against

10   self-incrimination, and I want to warn you not to plead

11   guilty unless you are, in fact, guilty of the charges made

12   against you in the indictment.

13                   THE DEFENDANT:  Yes.

14                   THE COURT:  And do you still wish to plead

15   guilty?

16                   THE DEFENDANT:  Yes.

17                   THE COURT:  Okay.  Madam Clerk, would you

18   read the charges?

19                   THE CLERK:  In the matter of the United

20   States of America versus Stanislaw Pszeniczny, Count I of

21   the indictment charges that from on or about January 16,

22   1997, in Franklin County, State and Northern District of

23   New York, the defendant, Stanislaw Pszeniczny, did knowingly

24   and in reckless disregard of the fact that an alien had come

25   to, entered or remained in the United States, in violation

USA v. Pszeniczny - 97-CR-38                                    12

1   of law, transported or moved, or attempted to transport or

2   move such alien.  In violation of Title 8, United States

3   Code, Section 1324(a)(1)(A)(ii).

4                    How do you plead to Count I of the

5   indictment?

6                    THE DEFENDANT:  Guilty.

7                    THE CLERK:  Thank you.

8                    THE COURT:  Now, Mr. Broydes advised you of

9   your rights in this matter, is that right?

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  Is there anything you want to ask

12  me about your rights at this time?

13                   THE DEFENDANT:  No.

14                   THE COURT:  Are you satisfied with what

15  Mr. Broydes has done for you so far?

16                   THE DEFENDANT:  Yes.

17                   THE COURT:  Has Mr. Broydes or the

18  U.S. Attorney or any public official or anyone made any

19  promises to you that you would be treated leniently in

20  exchange for your plea of guilty, except what's in the plea

21  agreement?

22                   THE DEFENDANT:  No.

23                   THE COURT:  Has anybody threatened you with a

24  use of force to make you plead guilty?

25                   THE DEFENDANT:  No.

1   THE COURT:  Are you currently on probation

2 from any other court or paroled from any institution?

3   THE DEFENDANT:  No.

4   THE COURT:  Mr. Nesbitt, does the Government

5 have sufficient evidence to prove the defendant guilty

6 beyond a reasonable doubt of the matters charged in the

7 indictment?

8   MR. NESBITT:  Yes, your Honor.  On -- the

9 Government would prove, should the case go to trial, that on

10 January 16th of 1997, in the State and Northern District of

11 New York, Mr. --

12   MR. BROYDES:  Pszeniczny.

13   MR. NESBITT:  -- the defendant, the

14 defendant and Jaroslaw Lutczyk transported in a van driven

15 by Mr. Pszeniczny two individuals, Anna Kanior, a citizen of

16 South Africa, and Jaroslaw Tyszka, a citizen of Poland, both

17 of whom the defendant knew, had entered and remained in the

18 United States in violation of law.

19   THE COURT:  Mr. Pszeniczny, did you just hear

20 what Mr. Nesbitt said about your conduct in this case?

21   THE DEFENDANT:  Yes.

22   THE COURT:  And is that what you did?

23   THE DEFENDANT:  Yes.

24   THE COURT:  Mr. Broydes, is that your

25 understanding?

14

USA v. Pszeniczny - 97-CR-38

1      MR. BROYDES:  Yes, your Honor.

2      THE COURT:  Okay.  Mr. Nesbitt, could you

3   inform the defendant and the Court what the penalties are

4   and the statutory -- potential penalties and the Sentencing

5   Guidelines?

6      MR. NESBITT:  Yes.

7      THE COURT:  Thank you.

8      MR. NESBITT:  Under the statute, your Honor,

9   a plea of guilty to Count I subjects the defendant to a term

10   of imprisonment of not more than five years; a fine of not

11   more than $250,000; or both a fine and a term of

12   imprisonment; a term of supervised release of at least four

13   years; and a mandatory special assessment of $100.

14      The initial guidelines calculation indicates

15   a base offense level of 9, with two levels off for

16   acceptance of responsibility, and, assuming criminal history

17   category I, would be a level 7, and the guideline range of

18   zero to six months.

19      THE COURT:  You heard that expressed?

20      THE DEFENDANT:  Yes.

21      (Discussion held between counsel.)

22      MR. NESBITT:  Your Honor, counsel would like

23   to have the interpreter indicate that --

24      THE COURT:  Sure.

25      MR. NESBITT:  -- that she has, in fact, read

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

15

USA v. Pszhiczny - 97-CR-38

1   the plea agreement in Polish and translated it for the

2   defendant.

3            THE COURT:  Do you want to ask the defendant

4   if you've read to him the plea agreement and translated it

5   for him?

6            THE INTERPRETER:  Yes.

7            MR. BROYDES:  Your Honor, this is the

8   question to the interpreter, not to my client.

9            THE COURT:  Exactly -- oh, I see what you're

10  saying.

11           THE INTERPRETER:  Yes.

12           THE COURT:  I am asking the interpreter, I'm

13  sorry.  Did you read to the defendant the plea agreement in

14  Polish and translate it for him verbatim?

15           THE INTERPRETER:  Yes, I did.

16           MR. BROYDES:  Thank you.

17           THE COURT:  Fine.  Thank you.

18           MR. NESBITT:  Thank you.

19           THE COURT:  And then you can ask the

20  defendant is that so?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Fine.  All right.

23  Mr. Pszeniczny, I don't know if I got that right, but the

24  Court must inform you that under and pursuant to certain

25  Sentencing Guidelines adopted by the United States that my

THERESA J. CASAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

16

USA v. Pszeniczny - 97-CR-38

1  discretion in sentencing you is limited and I must follow

2  the law as it's written, except sometimes the Court can

3  depart from those guidelines.

           Do you understand that?

4

5         THE INTERPRETER:  Yes, he does.

6         THE COURT:  Have you and your attorney

7  discussed how the Sentencing Guidelines might apply to your

8  case?

9         THE DEFENDANT:  Yes.

10        THE COURT:  And do you understand that the

11 Court will not be able to determine the guideline's sentence

12 for your case until after the presentence report has been

13 completed and you and the Government have had an opportunity

14 to challenge the facts reported by the Probation Officer?

15        THE INTERPRETER:  Excuse me, would you repeat

16 that?

17        THE COURT:  And that you and the Government

18 will have an opportunity to challenge the facts reported by

19 the Probation Officer?

20        And do you also understand that after it's

21 been determined what guidelines applies to any case, the

22 Judge has the authority, in some circumstances, to impose a

23 sentence that is more severe or less severe than the

24 sentence called for by the guidelines?  Yes?

25        THE DEFENDANT:  Yes.

1      THE COURT:  Okay.  Do you also understand

2  that under some circumstances, you or the Government may

3  have the right to appeal any sentence I impose?

4      THE DEFENDANT:  Yes.

5      THE COURT:  And do you also understand that

6  if I decline to follow the recommendations of your attorney,

7  or the U.S. Attorney, you will not be permitted to withdraw

8  your plea of guilty?

9      THE DEFENDANT:  Yes.

10      THE COURT:  Do you also understand that

11  parole has been abolished and that if you are sentenced to

12  prison, you will not be released on parole?

13      THE DEFENDANT:  Yes.

14      THE COURT:  Has anyone made any promises or

15  predictions to what sentence I shall impose upon you?

16      THE DEFENDANT:  No.

17      THE COURT:  Mr. Pszeniczny, do you still wish

18  to plead guilty?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Did you sign the plea agreement

21  freely and voluntarily?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Mr. Broydes, did you, on behalf

24  of your client, sign the plea agreement freely and

25  voluntarily?

USA v. Pszeniczny - 97-CR-38                                    18

1          MR. BROYDES:  Yes, your Honor.

2          THE COURT:  And Mr. Nesbitt, likewise on

3  behalf of the Government, did you sign the plea agreement

4  freely and voluntarily?

5          MR. NESBITT:  Yes, your Honor.

6          THE COURT:  Okay.  Again, I have got to

7  advise the defendant that the Court is not bound by any

8  sentencing recommendation made in the plea agreement and you

9  will have no right to withdraw your plea of guilty if I

10  decide not to accept any nonbinding recommendation.

11          The Court will, of course, defer its decision

12  to accept or reject any nonbinding recommendation until I've

13  seen the presentence investigation report and any other

14  materials submitted to me that might bear on sentencing,

15  from the U.S. Government, from you, from your attorney,

16  Mr. Broydes, or from anyone on your behalf.

17          So, you understand what the Court just said

18  about its ability to reject any nonbinding recommendation?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Am I correct, likewise, in the

21  plea agreement, the defendant waives certain rights to

22  appeal?  Is that right, in the plea agreement?

23          MR. NESBITT:  Not contained in the plea

24  agreement, your Honor.

25          THE COURT:  Okay.  Fine.  You can leave that

1  out.

2        Now, Mr. Pszeniczny, now that you have heard

3  about the potential penalties and the guidelines, do you

4  still wish to plead guilty?

5        THE DEFENDANT:  Yes.

6        THE COURT:  And Mr. Broydes, would you just

7  state for the record your general background and experience

8  in handling these kinds of matters?

9        MR. BROYDES:  Your Honor, I have been

10  basically doing a great deal of the Immigration Law and this

11  is -- for me, this is quite frankly an immigration case and

12  my concern is that what it can happen in case of the

13  deportation before the Immigration and Naturalization

14  Service.  And I have been practicing that part of law for

15  the last maybe 20 years.

16        THE COURT:  Okay.  Fine.  Very good.  About

17  how much time have you spent so far in the defense of this

18  case, approximately?

19        MR. BROYDES:  In the defense of this case?  I

20  think this is the third time that we are here, and I have

21  also done perhaps another 40 hours in my office.

22        THE COURT:  Sure.  Have you had what you

23  consider to be adequate discovery of the case of the

24  Government?

25        MR. BROYDES:  Yes, sir.

USA v. Pszeniczny - 97-CR-38                                    20

1          THE COURT:  And have you advised the

2  defendant of his rights, the nature of the charges and the

3  consequences of pleading guilty?

4          MR. BROYDES:  Yes, sir.

5          THE COURT:  Have you made any promises or

6  threats to him to make him plead guilty, except what's in

7  the plea agreement?

8          MR. BROYDES:  No.

9          THE COURT:  You made no threats to him, is

10  that right?  Should I --

11          MR. BROYDES:  Could your Honor repeat?

12          THE COURT:  Sure.  Have you made any promises

13  or threats to the defendant to make him plead guilty, except

14  what's in the plea agreement?

15          MR. BROYDES:  No, your Honor.

16          THE COURT:  Okay.  Do you state to the Court,

17  as far as you're concerned, he's pleading guilty freely and

18  voluntarily, with a full understanding of the charges and

19  the consequences?

20          MR. BROYDES:  Yes, sir.

21          THE COURT:  And, of course, you speak Polish

22  fluently and you have discussed this case continuously with

23  him in Polish?

24          MR. BROYDES:  Yes, sir.

25          THE COURT:  Do you know of any defenses that

1   he might have that might stand up if the case went to trial?

2   That's a tough thing to ask a defense attorney.

3               MR. BROYDES:  Could your Honor withdraw the

4   question?

5               THE COURT:  Well, we do have to ask to make

6   sure that if you think, you know, he should go to trial, he

7   could win the case, or he has a good chance of winning, you

8   would have an obligation to do that.  When I ask do you know

9   of any defenses that he has that might stand up if the case

10  went to trial, you have to answer however you feel the

11  answer should be.

12              MR. BROYDES:  Your Honor, I believe it's in

13  my client's interest, based on what I know about his rights,

14  facts of the case, et cetera.

15              THE COURT:  Okay.  Do you know any reason why

16  he should not plead guilty?

17              MR. BROYDES:  No, your Honor.

18              THE COURT:  Based on the foregoing, the Court

19  will find that the defendant pled guilty freely and

20  voluntarily, that he is and was competent to enter such a

21  plea, that he understands the charges against him and the

22  consequences of pleading guilty, that there is and was a

23  basis in fact for the Court accepting and entering the plea.

24              The Court directs the Department of Probation

25  to prepare a presentence investigation report.

USA v. Pszeniczny - 97-CR-38                                          22

1              The Court will set sentencing for June --

2   what date?

3              THE CLERK:  June 17, 1997, at 9:30 AM, in

4   Albany, New York.

5              MR. BROYDES:  I ask, your Honor, for that to

6   take place in the afternoon --

7              THE COURT:  Sure.

8              MR. BROYDES:  -- coming from New York City.

9              THE COURT:  We can do it at 1:30.

10             THE CLERK:  1:30.

11             THE COURT:  Is there any recommendation

12  regarding bail from the Government?  Or what's the status?

13             MR. NESBITT:  Your Honor, the defendant has

14  made $2,500 bail, and we have no objection to that

15  continuing until the time of sentencing.

16             MR. BROYDES:  I wish to add, your Honor, that

17  your Honor asked him before what was his employment

18  background, and he answered as to what he was doing in his

19  native Poland.

20             At the present time, he works as an asbestos

21  handler, he is removing asbestos, and he continues

22  employment.

23             THE COURT:  That's in New York City?  Well,

24  it doesn't matter.

25             MR. BROYDES:  In the area, yeah.

1                          CERTIFICATION:

2

3

4              I, THERESA J. CASAL, RPR, CRR, Official Court

5    Reporter in and for the United States District Court, Northern

6    District of New York, do hereby certify that I attended at

7    the time and place set forth in the heading hereof; that I

8    did make a stenographic record of the proceedings held in

9    this matter and cause the same to be transcribed; that the

10   foregoing is a true and correct transcript of the same and

11   the whole thereof.

12

13

14

15                              ████████████████████

16                              THERESA J. CASAL, RPR, CRR

17                              Official Court Reporter

18

19

20

21   DATE: 11/16/04

22

23

24

25

# EXHIBIT D

1

**COPY**

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - - - - - - - - - - - - - -

4   UNITED STATES OF AMERICA,

5

6       -versus-                         97-CR-38

7                                     (SENTENCING)

8   STANISLAW PSZENCZNY,

9                   Defendant.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - -

11

12

13

14          TRANSCRIPT OF PROCEEDINGS held in and for the

15  United States District Court, Northern District of New York,

16  at the James T. Foley United States Courthouse, 445 Broadway,

17  Albany, New York 12207, on TUESDAY, JUNE 24, 1997, before

18  the HON. LAWRENCE E. KAHN, United States District Court Judge.

19

20

21

22

23

24

25

1

2    APPEARANCES:

3

4

5    FOR THE GOVERNMENT:

6    HON. THOMAS MARONEY, United States Attorney - NDNY

7    BY:   PAUL D. SILVER, Assistant U.S. Attorney

8

9

10

11   FOR THE DEFENDANT:

12   MARK BROYDES, ESQ.

13

14   ALSO PRESENT:   THERESA BUNK, Polish Interpreter

15                   CHARLES SCOTT, Senior U.S. Probation Officer

16                   CHRISTINE CONNOLLY, U.S. Probation Officer

17

18

19

20

21

22

23

24

25

USA v. Ps    nczny - 97-CR-38                                        3

                     (Court commenced at 1:58 PM.)

1                    THE CLERK:  Two o'clock.  United States of

2        America versus Stanislaw Pszenczny, 97-CR-38.  Would counsel

3        please state your appearances for the record?

4                    MR. SILVER:  Good afternoon, your Honor.

5        Paul Silver.

6                    THE COURT:  Mr. Silver, how are you?

7                    MR. BROYDES:  Mark Broydes, 1501 Broadway,

8        New York.

9                    THE COURT:  Mr. Broydes.  And as I understand

10       it, we have an interpreter.

11                   THE INTERPRETER:  Yes.

12                   THE COURT:  Theresa Bunk.

13                   THE INTERPRETER:  Yes.

14                   THE COURT:  Has she been sworn in?

15                   THE CLERK:  I can do that.  Would you please

16       step forward?

17                   (Interpreter duly sworn.)

18                   THE COURT:  Mr. Broydes --

19                   MR. BROYDES:  Yes.

20                   THE COURT:  -- you have received and examined

21       the presentence investigation report?

22                   MR. BROYDES:  Yes, your Honor.

23                   THE COURT:  And have you had an opportunity

24       to discuss it with your client, Mr. Pszenczny?  Have you had

25

1   an opportunity to discuss it with him?

2              MR. BROYDES:  Excuse me?

3              THE COURT:  Did you have an opportunity to

4   discuss the presentence report with him?

5              MR. BROYDES:  Yes, your Honor.

6              THE COURT:  Okay.  And has the defendant --

7   have you had a chance to read the presentence report in this

8   case?

9              MR. BROYDES:  Your Honor, he has not read

10  this.  I spoke with him and --

11             THE COURT:  Did you read it to him and

12  translate it to him, explain it to him?

13             MR. BROYDES:  I explained to him the basic

14  points.

15             THE COURT:  Okay.  And Mr. Silver, you had an

16  opportunity to look over the presentence investigation

17  report, your office?

18             MR. SILVER:  I understand that Mr. Nesbitt

19  has, your Honor.

20             THE COURT:  Okay.  Fine.  Is there anything

21  you want to tell me about the presentence report before we

22  go forward?  Is it accurate?

23             MR. BROYDES:  Yeah, your Honor.  I didn't

24  find any errors or problems or I don't have any disagreement

25  with the report.  I thought that it was fair and I sort of

1  welcomed it.

2         THE COURT:  Fine.  And Mr. Pszenczny, did you

3  have any -- is there anything you wish to tell me about the

4  report itself?

5         THE DEFENDANT:  No.

6         THE COURT:  It's accurate?

7         THE INTERPRETER:  He has nothing to say.

8         THE COURT:  Fine.  Is there anything you wish

9  to say about the report, Mr. Silver?

10        MR. SILVER:  No, your Honor.

11        THE COURT:  Fine.  The Court will adopt the

12  contents of the report by a preponderance of the evidence.

13        MR. BROYDES:  I wish to state a few words,

14  but --

15        THE COURT:  I am going to ask you.  I know

16  that.  I just want to get the report adopted by the Court.

17        Now, Mr. Broydes, did you wish to say

18  anything on behalf of the defendant before I pass sentence

19  on him?

20        MR. BROYDES:  Yeah, your Honor.  I wish to

21  state that my client came here from New York City today with

22  his three daughters, who are sitting over there, and with

23  his brother.  And his wife, I think, is employed today so

24  she cannot come.

25        I spoke with my client, we had this question

USA v. Pazenczny - 97-CR-38

1   how much we should even say to the family about this

2   problem, how much should they be worried about this whole

3   situation.  So, we were little bit reluctant, but we thought

4   they should come, they should support him --

5                  THE COURT:  Certainly.

6                  MR. BROYDES:  -- and they are here.

7                  I wish to state that my client has no

8   criminal record, as the report says.  He is a native of

9   Poland, he had no criminal record in Poland.  Up to this,

10  today, no criminal record in United States.

11                 The crime committed was not for money; it was

12  really a matter, I think, of foolishness.  I think that what

13  happens, and I speak myself with an accent, is that when

14  people come to a foreign country, sometimes they simply

15  don't know the rules of -- and what's important, what is

16  considered not important, and of course, you know, the

17  statute, but you don't know to what extent really the

18  statute is taken seriously by the Government.  So, I think

19  that's maybe what happened in this case.

20                 As far as the -- his financial situation, he

21  is basically -- he has to support his family, he has three

22  children; his oldest daughter is after first year of

23  college, two younger children are still in school.  And if

24  he goes to jail, it would just be very serious, would have a

25  very serious impact on the family.

1        The Probation report says that there is no
2   requirement under the guidelines for any jail sentence.   I
3   wish to say that the thing that is -- that I consider to be
4   very important is that there is at present going to be a
5   deportation case against my client.   The papers have been
6   issued.   There is no date yet for a hearing, but
7   potentially, they could basically take his permanent
8   residency in the United States and he could be ordered to
9   leave the United States, and at the same time, he has his
10  wife and three children in the United States, and he would
11  have a separation of the members of the family.   I think
12  that's, with all due respect to this Court, this is the
13  greatest possible punishment that could be visited on him.
14  And he has to live with that possibility.
15        I think, your Honor, that there is no need
16  for a supervised -- any supervision of his case and there is
17  no need for probation.   If you do that, it imposes financial
18  costs on the Government, which are above $200 a month,
19  according to the report, and which either the Government is
20  going to pay or my client will have to pay.   And he is a
21  very marginal position.   So, I would hope that if it's
22  possible in this case that there would be some fine of,
23  let's say, $500.
24        There is forfeiture proceedings, because the
25  car which he was driving, which is worth about $3,000, is in

USA v. Pszenczny - 97-CR-38

1   forfeiture proceedings and this case will be before this

2   Court.  I don't know if it will be before this judge, but

3   before this Court, and he could lose that car that's worth

4   about $3,000, which is likely.

5               So, therefore, I am asking for a fine of

6   $500.

7               THE COURT:  Okay.  Mr. Silver, is there

8   anything you wish to say regarding the sentencing?  Any

9   recommendation?

10              MR. SILVER:  No, your Honor.

11              THE COURT:  Okay.  Mr. Pszenczny, is there

12  anything you wish to say to the Court before I pass sentence

13  upon you?

14              THE INTERPRETER:  First of all, he would like

15  to apologize for creating such problems for the Government,

16  for the Court and also for himself.  He is very sorry, he

17  has never had -- been in any trouble either in Poland or

18  here.  That would be his first and last time that he would

19  do something like that.  And he promises it would never

20  happen again.

21              THE DEFENDANT:  Once again, I apologize

22  sincerely.

23              THE COURT:  Well, I believe that he is

24  sincere with that and that he has remorse and the Court

25  understands that.

USA v. Pszenczny - 97-CR-38

1    Do you know any reason why I shouldn't
2 sentence your client at this time, Mr. Broydes?
3    MR. BROYDES:  Excuse me?
4    THE COURT:  Do you know any reason why I
5 should not sentence him at this time?
6    MR. BROYDES:  No.
7    THE COURT:  Okay.  And Mr. Pszenczny, is
8 there any reason at this time why I should not sentence you?
9    THE DEFENDANT:  No.
10    THE COURT:  Fine.  Okay.  The Probation
11 Officer and the Court have found the base offense level to
12 be 9, the total offense level to be 7, the criminal history
13 category to be I and the guideline range to be zero to six
14 months.
15    Upon your plea of guilty to Count I of the
16 indictment, and pursuant to the Sentencing Reform Act, it is
17 the judgment of this Court that you are hereby sentenced to
18 time served.
19    You shall be placed on supervised release for
20 a term of three years.  While on supervised release, you
21 shall not commit another federal, state or local crime and
22 shall comply with the standard conditions that have been
23 adopted by this Court and the following special conditions:
24    Number one, if deported, or you depart, you
25 shall not enter or attempt to enter the United States

1   without the written permission of the Attorney General or

2   the Chief U.S. Probation Officer of this district.

3                You shall pay a fine to the Clerk of the

4   Court in the sum of $1,000, which is due and payable

5   immediately.

6                And it's further ordered that you shall pay a

7   special assessment to the Clerk of the Court of $100, which

8   shall be due immediately.

9                Both parties the right to appeal this

10  sentence in certain limited circumstances, and the defendant

11  is advised to consult with his attorney to determine whether

12  or not an appeal is indicated.  Any appeal must be filed

13  within 10 days of this sentence.

14               And the Court believes that the defendant has

15  learned a pretty hard lesson here and hopes that from now

16  on, everything will work out well for him and his family.

17               THE DEFENDANT:  Yes.

18               THE INTERPRETER:  Once more, he apologizes

19  and thanks you.

20               THE COURT:  Anything further, gentlemen?

21               MR. BROYDES:  Your Honor, can I speak?

22               THE COURT:  Go ahead.

23               MR. BROYDES:  Your Honor, I don't know

24  whether my client has a thousand dollars right now.  I would

25  ask that he be given 15 days to pay that amount.

11

USA v. Pszenczny - 97-CR-38

1    MR. SCOTT:  Take it from the bond?

2    THE COURT:  I think there is a bail situation

3    right now.

4    MS. CONNOLLY:  $2,500 cash bond.

5    THE COURT:  $2,500.  So, they can do it

6    through that.

7    MR. BROYDES:  All right.

8    THE COURT:  All right.  Court's in recess.

9    MR. SILVER:  Thank you, your Honor.

10   THE COURT:  Thank you, Mr. Silver.

11   (This matter adjourned at 2:12 PM.)

                    - - - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION:

I, THERESA J. CASAL, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, do hereby certify that I attended at the time and place set forth in the heading hereof; that I did make a stenographic record of the proceedings held in this matter and cause the same to be transcribed; that the foregoing is a true and correct transcript of the same and the whole thereof.



THERESA J. CASAL, RPR, CRR

Official Court Reporter

DATE: 11/16/04

# EXHIBIT E

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice to EOIR: Alien Address**

| | |
|---|---|
| **DATE:** | 06/25/97 |

**TO:**  OFFICE OF THE IMMIGRATION JUDGE
Executive Office for Immigration Review
130 Delaware Ave.
Buffalo, NY 14202

**FROM:**  USINS
Buffalo, NY

**RESPONDENT:**  Stanislav PSZENICZNY  **A#** 45 031 495

---

**This is to notify you that this respondent is:**

[ ] Currently incarcerated by other than INS. An Order to Show cause (Form I-221) has been served on the Respondent, and an Immigration Detainer-Notice of Action by Immigration and Naturalization Service (Form I-247) has been served with the institution shown below . He/she is incarcerated at:

_____

His/her anticipated release date is:  _____

[ ] Detained by INS at: _____

[ ] Detained by INS and was transferred this date to another location of detention at:_____

**INS Motion for Change of Venue attached. [ ] Yes [ ] No**

[X] Released from INS custody on the following conditions(s):
　[ ] Personal Recognizance
　[ ] Order of Recognizance (Form I-220A)
　[X] Bond in the Amount of $ 25,000
　　[ ] Surety  [ ] Cash
　[ ] Other_____

[X] Upon release from INS custody , the respondent  reported his/her address and telephone number will be:
　　56-57 59 St.
　　Maspeth, NY 11378

[ ] Upon release from INS custody, the respondent was reminded of the requirements contained in Section 242B (a) (F) (ii) , and was provided with a  Form EOIR-33, Change of Address .

| | |
|---|---|
| _(signature)_ | SDEO/DO |
| ***Signature-INS Officer*** | ***Title-INS Officer*** |
| Michael Phillips | Buffalo, NY |
| ***Printed Name of INS Officer*** | ***Location*** |

ORIG: **OIJ**
CC: A-FILE

Form I-830 (06-12-92)

**SP_000528**

# EXHIBIT F

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court


Matter of                                    File A 45 031 495


                                    )
                                    )
STANISLAW PSZENICZNY,               )        IN REMOVAL PROCEEDINGS
                                    )
        Respondent                  )        Transcript of Hearing


Before SARAH M. BURR, Immigration Judge


Date: April 22, 1998                 Place: New York, New York


Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland


Official Interpreter:


Language:


Appearances:

        For the Immigration and       For the Respondent:
        Naturalization Service:

        Benita Sinha, Esquire         Mark Broydes, Esquire


SP_000568

kah

1    JUDGE FOR THE RECORD

2            Today is April 22, 1998, this is Immigration Judge

3    Sarah Burr, New York City.  This is a removal proceeding in the

4    matter of Stanislaw Pszeniczny, file number A 45 031 495.  The

5    respondent is present in court with his attorney.

6    JUDGE TO MR. BROYDES

7            Q.   Counsel, would you state your appearance.

8    Counsel.  Sir.

9            A.   Yes.

10           Q.   Would you state your appearance please for the

11   record.

12           A.   My name is Mark Broydes, 299 Broadway, Room 1820,

13   New York, New York 10007.

14   JUDGE TO MS. SINHA

15           Q.   And the Government attorney.

16           A.   Benita Sinha.

17   JUDGE TO MR. BROYDES

18           Q.   Sir, what is your client's best language?

19           A.   It's Polish.

20           Q.   Do you waive a Polish interpreter for purposes of

21   today's hearing?

22           A.   Yes.

23           Q.   Do you concede that your client was served with a

24   charging document dated June 24, 1997?

25           A.   Yes.

A 45 031 495                    1                    April 22, 1998

kah

1          Q.    That is Exhibit 1.  Have you explained to your

2    client the nature of these proceedings and his rights there

3    under?

4          A.    Yes.  Yes, Your Honor.

5          Q.    There are five factual allegations, do you waive a

6    reading?

7          A.    Yes, Your Honor.  As I said before, I think before

8    we got on the record, my copy of the Order to Show Cause is very

9    pale and I can't quite figure out.

10   JUDGE TO MS. SINHA

11         Q.    Do you have another copy, Ms. Sinha?

12         A.    I don't have a copy, Your Honor, but I can, oh,

13   actually I do have another copy, Your Honor.

14   JUDGE TO MR. BROYDES

15         Q.    All right.  Second call, on 4-95, counsel have you

16   had the opportunity to look at the Order to Show Cause?

17         A.    I don't know what, Your Honor, it was filed and

18   counsel, there is also a Notice to Appear and Removal Proceedings

19   dated 6-24-97.

20         Q.    Have you looked at those documents?

21         A.    Yes, I looked at them.

22         Q.    All right.  There are five factual allegations.

23         A.    Yes, well, my client would admit to the

24   truthfulness of the allegations number 1, number 2, number 3, he

25   would deny allegation number 4, and on number 5, I would think

A 45 031 495                    2                 April 22, 1998

kah

1    that that allegation should state that my client has been

2    convicted of violation of section of law which is an aggravated

3    felon or --

4              Q.   You would prefer that that's what it say?

5              A.   And it doesn't, there's an allegation like that in

6    that section.

7              Q.   That's not in the factual allegations, counsel,

8    that's in the legal conclusions on page 1.  Now, are you

9    admitting or denying allegation five?

10             A.   Number five I would admit allegation, I mean I

11   would admit that my client has been convicted.

12             Q.   All right.  Now, you've been served with a

13   conviction record from the United States District Court from the

14   Northern District of New York, does that relate to your client?

15             A.   Yes.

16             Q.   All right.  That's Exhibit 2.  Any you've been

17   served with a copy of the immigrate visa face sheet, does this

18   relate to your client?

19             A.   Yes, Your Honor.

20             Q.   That's Exhibit 3.

21   JUDGE TO MS. SINHA

22             Q.   Now, to the Government.  Is this his first offense

23   of alien smuggling?

24             A.   Your Honor, I'm not sure about that.

25             Q.   Well, the two exceptions to alien smuggling as an

A 45 031 495                     3                    April 22, 1998

kah

1    aggravated felony.  The first is whether or not it's the first

2    offense and it involved a spouse, parent, or child.

3              A.   I don't have anything right now to indicate

4    whether it was his first offense or it's a second, a second

5    offense.

6              Q.   All right.  Well, the Government's going have to

7    get, run a rap sheet on him.  All right?

8              A.   Okay.

9    JUDGE TO MR. BROYDES

10             Q.   And then counsel, it's your burden to show whether

11   or not there is a family relationship between your client and the

12   people who were smuggled in.  All right, you're just going to

13   have to read the statute and figure out what is available to your

14   client.  But the first thing I need to know is whether it's a

15   first offense or not.

16   JUDGE TO MS. SINHA

17             Q.   So how long does the Government need to run the

18   rap sheet?

19             A.   If you put it off in two weeks, and that's a

20   Monday, that should be fine.

21             Q.   Two weeks.  All right.  May 6, 1998, 10 o'clock in

22   the morning.

23   MR. BROYDES TO THE JUDGE

24             Q.   May 6th?

25             A.   Yes, sir.  Please advise your client the date and

A 45 031 495                        4                    April 22, 1998

kah

1   time of his next court appearance, of the inabsentia consequences

2   of failure to appear, and the ten year bar on discretionary

3   relief.   This hearing is adjourned.

4                       HEARING CONTINUED

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 45 031 495                    5              April 22, 1998

SP_000573

# EXHIBIT G

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                    File A 45 031 495

STANISLAW PSZENICZNY,          )          IN REMOVAL PROCEEDINGS
                               )
          Respondent           )          Transcript of Hearing
                               )

Before SARAH M. BURR, Immigration Judge

Date: May 6, 1998                    Place: New York, New York

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and      For the Respondent:
    Naturalization Service:

    Benita Sinha, Esquire        Mark Broydes, Esquire

SP_000574

1   JUDGE FOR THE RECORD

2          Today is May 6, 1998, this is Immigration Judge Sarah

3   Burr, New York City.  This is a removal proceeding in the matter

4   of Stanislaw Pszeniczny, file number A 45 031 495.  The

5   respondent is present in court with his attorney.

6   JUDGE TO MR. BROYDES

7          Q.   Counsel, would you state your appearance.

8          A.   Mark Broydes, 299 Broadway.

9   JUDGE TO MS. SINHA

10         Q.   And the Government attorney.

11         A.   Benita Sinha.

12  JUDGE TO MR. BROYDES

13         Q.   What is your client's best language?

14         A.   Polish.

15         Q.   Do you waive a Polish interpreter?  Do you waive a

16  Polish interpreter, counsel, for today's hearing?  Counsel, do

17  you waive a Polish interpreter?

18         A.   I don't.

19         Q.   You don't.  Okay fine, we'll set it over until

20  about 5 o'clock tonight to get a Polish interpreter in.  Counsel,

21  do you waive a Polish interpreter?

22         A.   Yes, Your Honor.

23         Q.   All right.

24  JUDGE TO MS. SINHA

25         Q.   Now, this was put over to see if this gentleman

A 45 031 495                    6                    May 6, 1998

**SP_000575**

kah

1    ever had any other conviction for alien smuggling.

2              A.    No he doesn't, Your Honor.

3              Q.    All right.

4              A.    However, the people, the aliens that were being

5    smuggled are not family members of his.  And I believe there was

6    on his I-213 he indicates who his spouse is and the indictment

7    indicates the names of the individuals that were being smuggled.

8              Q.    All right.  Based upon the information contained

9    in Exhibit 2, which is the conviction record, the court finds

10   that he deportable for alien smuggling.  The court does not find

11   that he is an aggravated felon.

12   MR. BROYDES TO THE JUDGE

13             Q.    Can I make a statement, Your Honor?

14             A.    Yes.

15             Q.    He is, my client is charged with two violations.

16             A.    I know that counsel.  I'm sustaining one and not

17   the other.  I'm sustaining the charge that he knowingly,

18   encouraged, induced, assisted, abided, or aided other aliens to

19   enter the United States in violation of law.  I am not sustaining

20   the aggravated felony charge.

21             Q.    Your Honor, on that issue.

22             A.    On what issue?

23             Q.    My client --

24             A.    What issue, counsel?

25             Q.    Excuse me?

A 45 031 495                        7                  May 6, 1998

kah

1          A.    On what issue?

2          Q.    On the charge that, Your Honor, I guess already

3    sustained, that my client has committed an act of knowingly

4    assisting an alien.

5          A.    That's correct.

6          Q.    My client --

7          A.    Smuggling.

8          Q.    My client has denied that allegation.

9          A.    That's fine.  I have the conviction record.

10         Q.    And the conviction, what the conviction simply

11   says, Your Honor, it's simply taking the name of the crime rather

12   then what my client has done just because, and therefore, Your

13   Honor, makes it into, because the crime is called alien smuggling

14   therefore, Your Honor, assumes that my client has been smuggling

15   people from the outside into the United States.

16         A.    Counsel, if you want to reduce this to a legal

17   argument in writing, be my guest.  But he has been convicted of

18   alien smuggling in violation of 8 U.S.C. 1324, he plead guilty to

19   that.  That is more then enough to sustain one of these charges.

20         Q.    Your Honor, --

21         A.    Now, if you have a problem with that you can file

22   a written legal argument as to why I have incorrectly found him

23   to be removable as charged.

24         Q.    Your Honor, let me just say that in his papers

25   that I was served by the Immigration it is plain that he

A 45 031 495                    8                    May 6, 1998

SP_000577

kah

1    knowingly assisted etc.  He was convicted for being indifferent.

2    Indifferent to the situation.

3         A.   Counsel, he plead guilty to the crime.  We're not

4    going to relitigate the crime.  It is a menz raya (phonetic sp.)

5    crime.  He was convicted of knowingly smuggling aliens into the

6    country.

7         Q.   But, Your Honor, it's not holding your decision

8    based on the conviction.  Your Honor makes your decision based on

9    certain acts that my client supposedly committed.

10        A.   No, I make my decision based on the nature of the

11   conviction, counsel.  I don't know the specific acts that lead up

12   to his conviction but I know he plead guilty and I know what he

13   was convicted of and based upon that conviction I'm sustaining

14   the charge under 237(a)(1)(E)(i).  Now, --

15   MS. SINHA TO THE JUDGE

16        Q.   Your Honor, if I may.  I think that the aggravated

17   felony charge should also be sustained in accordance with the

18   definition and it's 101(a)(43)(N) and I have a copy of it if

19   you'd like to see it.

20        A.   I think he's has to have had a prior conviction.

21        Q.   I think it says first offense where it's a

22   relative, of the acceptation is a first offense when it's a

23   relative.

24        A.   All right.  Well, I'll hold that open.  Well, lets

25   see.  If it's a aggravated felon he's not eligible for anything.

A 45 031 495                    9                    May 6, 1998

SP_000578

kah

1    All right.

2    JUDGE TO MR. BROYDES

3              Q.    Counsel, I'll give you an opportunity to submit a

4    brief as to why you don't believe your client's deportable with

5    the legal basis for your argument is on either of these charges

6    and I already have the, let's see, I have the conviction record,

7    that's already been marked as Exhibit 3, as Exhibit 2.  Now the

8    documents that have been handed up by the Government are the

9    criminal court complaint, the I-213, and an application for an

10   immigrant visa.  Now, counsel, do these documents relate to your

11   client, that you were just handed?

12             A.    Just we, do they --

13             Q.    Do these documents relate to your client?

14             A.    Do they relate to my client?

15             Q.    Yes, sir.

16             A.    I mean I don't see relevance of my client's

17   immigration application.

18             Q.    Well, probably to show the name of his wife.  Now,

19   this document --

20             A.    Well, could we ask the counsel why she is offering

21   them?

22   MS. SINHA TO MR. BROYDES

23             Q.    Exactly what the Judge had stated.  That is just

24   to show who is in his family.

25   JUDGE TO MR. BROYDES

A 45 031 495                    10                     May 6, 1998

**SP_000579**

kah

1          Q.    All right. Sir, does this criminal complaint from

2    the Northern District of New York relate to your client?

3          A.    Actually, there's no objections to it.

4          Q.    That's Exhibit 3.

5          A.    I'm not quite prefer to offer this to the court

6    but there was first initial complaint and then there was, there

7    was another complaint that was --

8          Q.    Mr. Broydes, does this record of deportable alien

9    relate to your client?  This is a statement taken from your

10   client.

11         A.    Yes, Your Honor.  No, I'm just simply saying to

12   Your Honor that my client, after he was arrested he was presented

13   with one complaint that there's seems in light of that complaint

14   was substituted for the new one and --

15         Q.    I'm simply asking you, counsel, if these documents

16   relate to your client.

17         A.    Yes, Your Honor.

18         Q.    All right.  This complaint, criminal complaint is

19   Exhibit 3.  Record of Deportable Alien is Exhibit 4.   The

20   application for an Immigrant Visa and Alien Registration, does

21   that relate to your client?

22         A.    Yes, Your Honor.

23         Q.    That's Exhibit 5.

24   MS. SINHA TO THE JUDGE

25         Q.    Your Honor, Exhibit 3 was the visa face at the

A 45 031 495                  11                  May 6, 1998

kah

1    last hearing.  So should we move everything down one?

2              A.   No, I'll make this 3A.  Exhibit 5 is the

3    application.

4    JUDGE TO MR. BROYDES

5              Q.   Counsel, how much time do you need to submit in

6    writing your legal argument as to why I should not sustain the

7    two charges?

8              A.   I would like to ask, Your Honor, for six weeks.

9              Q.   All right.  June 22, 1998 for counsel's brief on

10   removability.

11   JUDGE TO MS. SINHA

12             Q.   And how much time does the Government wish to

13   respond?

14             A.   Three weeks, Your Honor, if, I don't think the

15   Government's going to respond.

16             Q.   All right.  Then I'm going to then mark this case

17   off calendar for my decision.  You'll get my decision.  I'll

18   either, well I'll tell you what, I'll give you a control date but

19   I expect that I'll issue a written decision.  The control date

20   will be July 22, 1998, 10 o'clock.

21   JUDGE TO MR. BROYDES

22             Q.   This hearing is adjourned.  Please advise your

23   client of the date and time of his next court appearance and of

24   the inabsentia consequences of failure to appear.

25                        HEARING CONTINUED

A 45 031 495                    12                  May 6, 1998

# EXHIBIT H

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                        File A 45 031 495

STANISLAW PSZENICZNY,          )        IN REMOVAL PROCEEDINGS
                               )
        Respondent             )        Transcript of Hearing

Before SARAH M. BURR, Immigration Judge

Date: July 22, 1998                 Place: New York, New York

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and        For the Respondent:
    Naturalization Service:

    Benita Sinha, Esquire          Mark Broydes, Esquire

**SP_000582**

kah

1    JUDGE FOR THE RECORD

2              Today is July 22, 1998, this is Immigration Judge Sarah

3    Burr in New York City.  This is a removal proceeding in the

4    matter of Stanisław Pszeniczny, file number A 45 031 495.  The

5    respondent's present in court with his attorney Mr. Broydes.  The

6    Government's represented by Ms. Sinha.

7    JUDGE TO MR. BROYDES

8              Q.   Counsel, do you waive a Polish interpreter for

9    Master Calendar?

10             A.   Yes.

11             Q.   All right.

12   JUDGE FOR THE RECORD

13             I have Mr. Broydes written statement with regard to the

14   charges against the respondent.  I have read it.  I am not

15   persuaded by it.  Based upon the documents that have been marked

16   into evidence the court finds that the respondent is removable as

17   charged as both an alien smuggler and as an aggravated felon.

18   With regard to the aggravated felony charge I refer specifically

19   to Exhibits 3A, Exhibits 4, and Exhibits 5, which clearly show

20   that the people who were smuggled into the United States were not

21   family members of the respondent.  I don't believe that he's

22   eligible, he's certainly not eligible for voluntary departure or

23   for cancellation of removal.

24   JUDGE TO MR. BROYDES

25             Q.   Mr. Broydes, are you aware of any relief available

A 45 031 495               13               July 22, 1998

kah

1    to your client?

2            A.    Not at this point.

3            Q.    All right.

4    JUDGE TO COUNSEL

5            Q.    Is there anything else from either side before I

6    enter my order?

7            A.    (Ms. Sinha) No, Your Honor.

8    JUDGE TO MR. BROYDES

9            Q.    Mr. Broydes, anything else?

10           A.    No, Your Honor.

11                    JUDGE RENDERS ORAL DECISION

12    JUDGE FOR THE RECORD

13           That is my decision and order.

14    JUDGE TO COUNSEL

15           Q.    Does either side wish to reserve their right to

16    appeal?

17           A.    (Ms. Sinha) No, Your Honor.

18    JUDGE TO MR. BROYDES

19           Q.    Mr. Broydes, do you wish to reserve your right to

20    appeal?

21           A.    (Mr. Broydes) I do reserve.

22           Q.    All right. Mr. Broydes, you have 30 days to

23    appeal.  That is on or before August 21, 1998.  I'm handing you a

24    short form order and I'm going to also hand you the limitations

25    on discretionary relief should your client fail to surrender for

A 45 031 495                    14                    July 22, 1998

kah

1    removal at the time and place ordered by the Immigration and

2    Naturalization Service.

3    JUDGE TO MR. PSZENICZNY

4              Q.    Sir, do you understand English?

5              A.    (Indiscernible).

6    JUDGE TO MR. BROYDES

7              Q.    All right, Mr. Broydes, please advise your client

8    of the warnings that are contained on the limitations on

9    discretionary relief.  Please advise him that he's been ordered

10   removed.  All right?  Mr. Broydes, are you listening to me?

11             A.    Yes, Your Honor.  I just want to say that I speak

12   Polish language and I can do that.

13             Q.    All right, that's fine, but I'm not going to use

14   you as an interpreter in court, but I assume as an officer of the

15   court that you will so advise your client of all of the

16   limitations on discretionary relief if he fails to surrender for

17   removal at the time and place ordered by the Immigration and

18   Naturalization Service.  Will you do that?

19             A.    Yes, Your Honor.  I'm just saying that I can do

20   it.

21             Q.    Here's a copy of the short form order and the

22   limitations on discretionary relief and please note at the bottom

23   of the order is the appeal date, appeal due by August 21, 1998.

24   JUDGE FOR THE RECORD

25             This hearing is closed.  Thank you.

A 45 031 495                    15                    July 22, 1998

**SP_000585**

kah

1                        (OFF THE RECORD)

2                        (ON THE RECORD)

3    JUDGE FOR THE RECORD

4            We're back on the record.  I'm handing counsel the

5    appeal forms for the Board of Immigration Appeals.

6                        HEARING CLOSED

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 45 031 495                    16                    July 22, 1998

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

IMMIGRATION COURT

New York, New York

File No.:   A 45 031 495                     July 22, 1998

In the Matter of            )
                            )
STANISLAW PSZENICZNY,       )        IN REMOVAL PROCEEDINGS
                            )
          Respondent        )

CHARGES:    Section 237(a)(2)(A)(iii) of the Immigration and
            Nationality Act, in that the respondent has been
            convicted of an aggravated felony; Section
            237(a)(1)(E)(i) of the Immigration and Nationality Act,
            in that the respondent has within five years of the
            date of his entry knowingly encouraged, induced,
            assisted, abided, or aided another alien to enter the
            United States in violation of law.

APPLICATIONS:

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Mark Broydes, Esquire             Benita Sinha, Assistant
299 Broadway                        District Counsel
Suite 1820                        New York District
New York, New York 10007

ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent was admitted to the United States on

June 4 of 1996, as a lawful permanent resident (see Exbibit 3).

**SP_000587**

kah

Slightly over six months later, on January 16 of 1997, the respondent was arrested in upper New York State near the Canadian border. He was charged with alien smuggling (see Exhibits 3A and 4). On June 24 of 1997, the respondent plead guilty in the United States District Court for the Northern District of New York to one count of alien smuggling in violation of 8 U.S.C. Section 1324(a)(1)(A)(see Exhibit 2).

As a result of this conviction, the respondent was placed in removal proceedings. The respondent through his attorney has admitted allegations 1, 2, 3, and 5 contained in the Notice to Appear. This court has found, based upon the respondent's concessions and based upon the Exhibits marked into evidence, that the respondent is removable as charged.

In spite of the argument advanced by counsel, the record clearly establishes that the respondent is removable both as an alien smuggler and as an aggravated felon. The criminal judgment states that the respondent plead guilty to one count of alien smuggling in violation of the United States law (see Exhibit 2). Contrary to counsel's argument that his client is not guilty of alien smuggling because he did not cross the United States Canada border to bring undocumented people into this country, it is clear from the statute and the criminal complaint that it is unnecessary for the respondent to have actually crossed the border in order for he himself to be guilty of alien smuggling. (See Exhibit 3A and 8 U.S.C. Section 1324(a)(1)(A)).

A 45 031 495                    2                   July 22, 1998

**SP_000588**

kah

With regard to the aggravated felony charge it is equally clear from Immigration and Nationality Act Section 101(a)(43)(N) that a person convicted of alien smuggling is an aggravated felon unless it is a first offense and it involves the smuggling of a spouse, child, or parent. The two individuals whom the respondent helped to smuggle into the United States are not family members as evidenced by the Exhibit 3A, 4, and 5.

The respondent has not applied for any relief from removal and does not appear to be eligible for any relief. Accordingly the following order will be entered.

<u>ORDER</u>

IT IS HEREBY ORDERED that the respondent be removed from the United States to Poland based upon the charge under Section 237(a)(2)(A)(iii) and under Section 237(a)(1)(E)(i).

SARAH M. BURR
U.S. Immigration Judge

A 45 031 495                              3                        July 22, 1998

**SP_000589**

CERTIFICATE PAGE

I hereby certify that the attached proceeding before

SARAH M. BURR in the matter of:

STANISLAW PSZENICZNY

A 45 031 495

New York, New York

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

(Kathy A. Hollar, Transcriber)
Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

September 23, 1998
(Completion Date)

# EXHIBIT I

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

IMMIGRATION COURT

New York, New York


File No.:   A 45 031 495                           July 22, 1998


In the Matter of                )
                                )
STANISLAW PSZENICZNY,           )        IN REMOVAL PROCEEDINGS
                                )
        Respondent              )


CHARGES:   Section 237(a)(2)(A)(iii) of the Immigration and
           Nationality Act, in that the respondent has been
           convicted of an aggravated felony; Section
           237(a)(1)(E)(i) of the Immigration and Nationality Act,
           in that the respondent has within five years of the
           date of his entry knowingly encouraged, induced,
           assisted, abided, or aided another alien to enter the
           United States in violation of law.


APPLICATIONS:


ON BEHALF OF RESPONDENT:               ON BEHALF OF SERVICE:

Mark Broydes, Esquire                  Benita Sinha, Assistant
299 Broadway                              District Counsel
Suite 1820                             New York District
New York, New York 10007


## ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent was admitted to the United States on

June 4 of 1996, as a lawful permanent resident (see Exbibit 3).


**SP_000587**

kah

Slightly over six months later, on January 16 of 1997, the respondent was arrested in upper New York State near the Canadian border. He was charged with alien smuggling (see Exhibits 3A and 4). On June 24 of 1997, the respondent plead guilty in the United States District Court for the Northern District of New York to one count of alien smuggling in violation of 8 U.S.C. Section 1324(a)(1)(A)(see Exhibit 2).

As a result of this conviction, the respondent was placed in removal proceedings. The respondent through his attorney has admitted allegations 1, 2, 3, and 5 contained in the Notice to Appear. This court has found, based upon the respondent's concessions and based upon the Exhibits marked into evidence, that the respondent is removable as charged.

In spite of the argument advanced by counsel, the record clearly establishes that the respondent is removable both as an alien smuggler and as an aggravated felon. The criminal judgment states that the respondent plead guilty to one count of alien smuggling in violation of the United States law (see Exhibit 2). Contrary to counsel's argument that his client is not guilty of alien smuggling because he did not cross the United States Canada border to bring undocumented people into this country, it is clear from the statute and the criminal complaint that it is unnecessary for the respondent to have actually crossed the border in order for he himself to be guilty of alien smuggling. (See Exhibit 3A and 8 U.S.C. Section 1324(a)(1)(A)).

A 45 031 495                    2                    July 22, 1998

**SP_000588**

kah

With regard to the aggravated felony charge it is equally clear from Immigration and Nationality Act Section 101(a)(43)(N) that a person convicted of alien smuggling is an aggravated felon unless it is a first offense and it involves the smuggling of a spouse, child, or parent. The two individuals whom the respondent helped to smuggle into the United States are not family members as evidenced by the Exhibit 3A, 4, and 5.

The respondent has not applied for any relief from removal and does not appear to be eligible for any relief. Accordingly the following order will be entered.

<u>ORDER</u>

IT IS HEREBY ORDERED that the respondent be removed from the United States to Poland based upon the charge under Section 237(a)(2)(A)(iii) and under Section 237(a)(1)(E)(i).

SARAH M. BURR
U.S. Immigration Judge

A 45 031 495                           3                       July 22, 1998

**SP_000589**

CERTIFICATE PAGE

I hereby certify that the attached proceeding before

SARAH M. BURR in the matter of:

STANISLAW PSZENICZNY

A 45 031 495

New York, New York

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

(Kathy A. Hollar, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

September 23, 1998
(Completion Date)

IMMIGRATION COURT
26 FEDERAL PLZ 1OTH FL RM 1000
NEW YORK, NY  10278

In the Matter of

PSZENICZNY,STANISLAW
    Respondent

Case A45-031-495

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 22, 1998.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to *Poland*
[X] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ] Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)  ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn.  If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[X] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____
    Date:  Jul 22, 1998
    Appeal: WAIVED   Appeal Due By: Aug 21, 1998

SARAH M. BURR
Immigration Judge

TAC

ALIEN NUMBER: 45-031-495

ALIEN NAME: PSZENICZNY, STANISLAW

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [P] ALIEN's ATT/REP  [P] INS
DATE: 7-22-98   BY: COURT STAFF _____
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Q6

SP_000621

# EXHIBIT J

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A45-031-495 -  New York

Date:   MAY 1 5 2001

In re:  PSZENICZNY, STANISLAW

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Broydes, Mark, Esq.

*ORIGINAL TO BE PLACED IN A-FILE*

ORDER:

PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 3.1(a)(7).

FOR THE BOARD

# EXHIBIT K

Case No.: NYC051200142

U.S. Department of Justice
Immigration and Naturalization Service

MEMORANDUM OF INVESTIGATION

| File Number | Title: | Control Office |
|---|---|---|
| A45 031 495 | Primary subject: PSZENICZNY, Stanislaw Piotr | /NYC |

Narrative Title: Memorandum of Investigation

On 11/02/2004, at 0600 hrs, pursuant to a Warrant of Deportation NYC Fugitive Operations Officers S. ███████████████████ and myself went to the subject's last known address at 8537 Woodhaven Blvd #1E Woodhaven, NY 11421 to locate and or apprehend subject. Permission to enter the apartment was obtained from Mr. Pszeniczny and once inside I identified him as being the subject of my investigation. The subject was advised of the Warrant of Deportation and that he is under arrest. The subject's valid passport was obtained along with his medication for high cholesterol. The subject was then transported to 26 Federal Plaza NY, NY for processing without incident.

The subject is a native and citizen of Poland, born on 06/26/1953. On 06/04/1996, at NYC the subject entered the U.S. as an LPR/DV2. On 01/16/1997, subject was arrested by the Border Patrol along the northern border with Canada smuggling Polish citizens into the U.S. Subject was prosecuted Criminally and Administratively. Criminally, the subject was convicted of Alien Smuggling 8 USC 1324(a)(1)(A) and Administratively, the subject was ordered deported 07/22/1998, and the BIA affirmed the I/J order on 05/15/2001.

| Investigator | | Date |
|---|---|---|
| ███████████ DEPORTATION OFFICER | | November 2, 2004 |

SP 000037

Form G-166C (7-1-      )                                                          Page   1  of  1