UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

STANISLAW PSZENICZNY

                  Defendant.

**MEMORANDUM AND ORDER**

18-CR-433 (LDH)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Defendant Stanislaw Pszeniczny is charged with one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On March 26, 2019, Defendant, pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, 8 U.S.C. § 1326(d), and the Fifth and Sixth Amendments to the U.S. Constitution, moved to dismiss the indictment in its entirety. The court denied the motion to dismiss on June 17, 2019.[1] Defendant moves for reconsideration.

## BACKGROUND[2]

    Defendant, a Polish citizen, was admitted to the United States as a lawful permanent resident on June 4, 1996. (Def.'s Mem. L. Supp. Mot. Dismiss at 3, ECF No. 20.) On March 21, 1997, Defendant pleaded guilty to assisting a non-citizen to unlawfully enter the United States. (*Id.*, Ex. C (Plea Hr'g Tr.) at 11:19–12:6, ECF No. 20-3.) The Immigration and Naturalization Service served Defendant with a Notice to Appear on June 24, 1997 ("1997 NTA"), stating that Defendant was subject to removal and that a hearing would be set regarding his case. (*Id.*, Ex. A (1997 NTA) at 1, ECF No. 20-1.) By order dated February 24, 1998, and upon Defendant's request, the immigration court changed the venue of his removal proceeding from Buffalo, New

---

[1] This case was transferred from Judge Jack B. Weinstein to this Court on February 12, 2020.
[2] Defendant attached as a single document to his motion for reconsideration several exhibits that were also attached to his motion to dismiss. (*See* Suppl. Exs., ECF No. 61.) The Court cites to the exhibits attached to his motion to dismiss because they were filed as separate documents and thus have individual ECF numbers.

York, to New, York, New York.  (Gov.'s Mem. L. Opp'n Def.'s Mot. Dismiss, Ex. A ("Change of Venue Order"), ECF No. 21-1.)  Defendant appeared before the Immigration Court in New York on April 22, 1998, at which time the court adjourned the removal hearing.  (Def.'s Mem. L Supp. Mot. Dismiss, Ex. F (Imm. Ct. Tr.), ECF No. 20-6.)  On May 6, 1998, the Immigration Court heard argument on Defendant's removability and scheduled a subsequent hearing for July 22, 1998.  (*Id.*, Ex. G (Imm. Ct. Tr.), ECF No. 20-7.)  Defendant again appeared before the Immigration Court on July 22, 1998, at which time he was ordered to be deported.  (*Id.*, Ex. H (Imm. Ct. Tr.), ECF No 20-8)  By order dated May 15, 2001, the Board of Immigration Appeals ("BIA") affirmed the Immigration Court's deportation determination.  (*Id.*, Ex. J (BIA Op.), ECF No. 20-10.)  Defendant was detained on November 2, 2004, and subsequently deported to Poland.  (*Id.*, Ex. K (Dep't of J. Mem. of Investigation), ECF No. 20-11; Def.'s Mem. L. Supp. Mot. Dismiss. at 4.)  At some point, Defendant re-entered the United States, and he was subsequently indicted for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Indictment, ECF No. 1).

On March 26, 2019, Defendant moved to dismiss the Indictment, arguing that that his removal in 2004 was invalid because the 1997 NTA did not include a time and place for his removal hearing and thus did not vest the Immigration Court with jurisdiction pursuant to 8 U.S.C. § 1229(1)(a)(G)(i) and the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  (*See generally* Def.'s Mem. L. Supp. Mot. Dismiss.)  The court denied his motion to dismiss on June 17, 2019, finding that the Immigration Court had jurisdiction over Defendant's case because any defect in the 1997 NTA was cured by the subsequent notices of

hearing dates provided by the Immigration Court on April 22, 1998, and May 6, 1998.  (Mem. and Order ("June Mem. & Order") at 3, 21, ECF No. 30.)

## STANDARD OF REVIEW

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks and citation omitted).

## DISCUSSION

Defendant argues that the Supreme Court's decision in *Niz-Chavez v. Garland* overturns the Second Circuit precedent relied on by the court in denying his initial motion to dismiss and, as a result, the Immigration Court lacked jurisdiction over his removal hearing because he did not receive a notice to appear containing a date and time for his removal hearing.  (*See generally* Def.'s Mot. for Reconsideration, ECF No. 60.)  The Court disagrees.

By way of background, "[n]onpermanent residents . . . who are subject to removal proceedings and have accrued 10 years of continuous physical presence in the United States, may be eligible for a form of discretionary relief known as cancellation of removal." *Pereira*, 138 S. Ct. at 2109 (citing 8 U.S.C. § 1229b(b)(1)).  Under what is known as the stop-time rule, "that period of continuous physical presence is 'deemed to end . . . when the [individual] is served a notice to appear under section 1229(a).'" *Id.*  In other words, once an individual

3

receives a notice to appear, the accrual period to be eligible for cancellation of removal is stopped.  Pursuant to 8 U.S.C. § 1229(a), a notice to appear must include, *inter alia*, "[t]he time and place at which the [removal] proceedings will be held."  8 U.S.C. § 1229(a)(1)(G)(i).  A notice to appear that does not include the time and location for a removal hearing does not trigger the stop-time rule.  *Pereira*, 138 S. Ct. at 2113–14, 2117 (holding that the stop-time rule applies only if the Government serves a notice to appear in accordance with or according to the substantive time-and-place requirements set forth in § 1229(a)).  As such, an individual who receives such deficient notice to appear can continue to accrue time to be eligible for cancellation of removal until the individual receives a notice of appearance that comports with the requirements of 8 U.S.C. § 1229(a).

Since *Pereira*, litigants have argued—as Defendant argues here—that a notice to appear lacking a time and location for a removal hearing is insufficient to vest the immigration court with jurisdiction over the removal hearing.  However, the Supreme Court was clear in *Pereira* that it was addressing only the "narrow[] question" of whether a "notice to appear that does not specify the time and place at which the proceedings will be held . . . trigger[s] the stop-time rule."  *Id.* at 2113 (internal quotation marks omitted).  Indeed, in *Banegas Gomez v. Barr*, the Second Circuit rejected the argument advanced by Defendant here.  922 F.3d 101 (2d Cir. 2019).  In *Banegas Gomez*, the Second Circuit held that "[a notice to appear] that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the [individual]."  922 F.3d at 112.

Defendant contends that the Supreme Court's decision in *Niz-Chavez v. Garland* overturned *Banegas Gomez*.  (Def.'s Mot. for Reconsideration at 1.)  That is not so.  In *Niz-*

4

*Chavez*, the court was faced with the narrow question of whether a notice to appear that did not contain the date and location of the removal hearing coupled with a later-served notice of hearing with the date and location of the hearing could trigger the stop-time rule under the Immigration and Nationality Act. 141 S. Ct. 1474, 1479 (2021). The Supreme Court held that the government must serve an individual with a *single* document containing the information required by 8 U.S.C. § 1229(a)(1) to stop the clock for an individual's eligibility for cancellation of removal. *Id.* at 1486. Contrary to Defendant's assertion, *Niz-Chavez* "focused only on the stop-time rule in 8 U.S.C. § 1229b(d)(1) and did not address the effect of a defective NTA on an [Immigration Judge's] jurisdiction." *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021). *Banegas Gomez* remains good law. *Id.*

It is true that Defendant's 1997 NTA did not contain a date and location for Defendant's removal hearing. Defendant, however, requested a change of venue in his proceedings, subsequently received multiple notices of hearing containing dates and locations for his removal hearings, and appeared at those hearings with counsel. (Change of Venue Order; Def. Mem. L. Supp. Mot. Dismiss, Exs. F, G). Under the Second Circuit's holding in *Banegas Gomez*, Defendant's argument that the Immigration Court lacked jurisdiction over his prior removal proceedings is without merit. There is thus no basis to grant Defendant's motion for reconsideration.[3]

---

[3] The Government argues that collateral attacks on removal orders must be analyzed under the framework established by 8 U.S.C. § 1326(d). (Def.'s Opp'n at 8, ECF No. 62.) Because the Court ultimately concludes that *Niz-Chavez* does not support Defendant's motion for reconsideration, it need not undertake the § 1326(d) analysis.

5

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

                                                 SO ORDERED.

Dated: Brooklyn, New York           /s/ LDH
       January 20, 2022             L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                           United States District Judge